### JOHN MYERS v. STATE.

No. A-2017.   Opinion Filed June 20, 1914.

Appeal from County Court, Pawnee County;

Geo. E. Merritt, Judge.

John Myers was convicted of a violation of the prohibitory law, and appeals. Affirmed.

Orton & McNeill, for plaintiff in error.

Chas. West, Atty Gen., C. J. Davenport, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error was convicted of having unlawful possession of intoxicating liquor with intent to sell the same. On the 10th day of March, 1913, judgment was entered, and in accordance with the verdict he was sentenced to be confined in the county jail for a term of ninety days, and to pay a fine of five hundred dollars. To reverse the judgment this appeal was taken.

The undisputed evidence shows the payment by the defendant of the special tax required of wholesale liquor dealers by the United States, and that in the twelve days preceding December 4th, 1912, the date alleged in the information, the defendant received between ten and fifteen tons of intoxicating liquor from the Frisco Railroad at Keystone, Pawnee county. The facts in the case are nearly the same as in the case of Tweedy v. State, ante. 140 Pac. 787, and as said in the opinion in that case:

"There is absolutely no merit in this appeal. If one can go about this state paying a special revenue tax, as required by the United States from liquor dealers, and be in possession of one car load of liquor at one time without intending to violate the law, then the prohibitory law of the state amounts to nothing."

The proof overwhelmingly establishes the fact that the defendant was a wholesale liquor dealer, and as such did have possession of intoxicating liquors as charged. Finding no error in the record, the judgment of the lower court is affirmed. Mandate forthwith.