## .HARRY DEEDS v. STATE.

No. A-312.    Opinion Filed November 22, 1910.

1.    INTOXICATING LIQUORS—Sales—Evidence—Taking Out Federal License. Upon a prosecution for selling intoxicating liquor, where the date of the alleged sale is definitely fixed by the evidence, proof that subsequent thereto the defendant paid the special tax required of liquor dealers by the laws of the United States, is not competent.

2.    SAME—Presumption from License. The payment by a person of the .special tax required of liquor dealers by the laws of the United States is prima facie evidence of such person's intention thenceforth, during the term of the license, to violate the prohibition law.

3.    SAME—License Antedating Sale. If there is any evidence from which the jury could legitimately find that the transaction constituting the sale complained of took place subsequent to the payment by the defendant of the special liquor dealer's tax, then evidence of such payment may be admitted.

(Syllabus by the Court.)

*Appeal from County Court of Caddo County; B. F. Holding, Judge.*

Harry Deeds was convicted of selling intoxicating liquor, and he appeals.  Reversed and remanded.

*W. W. Vaughn,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

RICHARDSON, JUDGE.  The information in this case charged that plaintiff in error sold intoxicating liquor on April 5, 1909.  The evidence for the prosecution was to the effect that the sale was made on that specific date, and there was no evidence tending to show a sale at any other time.  The state's witnesses testified positively to the date of the transaction, though they were not entirely certain that plaintiff in error was the person who made the sale.  The state then offered in evidence a certified copy of a record of the Collector of Internal Revenue at Leavenworth, Kansas, showing the payment by plaintiff in error of the special

tax required of retail liquor dealers by the laws of the United States, which record was as follows: "District of Kansas. Name, Harry Deeds; business, R. L. D.; place, Gracemont, Okla.; from what time, April, '09; amount of tax, $6.25; date of payment or issue of certificate, April 28, 1909; serial number of stamp, 224182; serial number of form 11, 5225; collector's office, Leavenworth, Kansas." Plaintiff in error objected to the introduction of the certified copy on the ground that it appeared therefrom that the payment of the tax was made subsequent to the date of the sale in question as charged and proven, and that the same was therefore not competent evidence for any purpose. The court overruled the objection and admitted the certified copy in evidence. Plaintiff in error excepted, and assigns the court's ruling as error.

We think the ruling was erroneous. This prosecution was instituted under the prohibitory provision of the Constitution separately submitted to a vote of the people. It is there provided that the payment by any person of the special tax required of liquor dealers by the laws of the United States shall constitute *prima facie* evidence of such person's intention to violate said section. Undoubtedly this provision should be construed so as to give the payment of such tax only a prospective and not a retroactive effect as evidence; that is, that the payment of such special tax shall be *prima facie* evidence of the party's intention thenceforth, so long as the license shall remain in force, to violate said provisions of the law, and not that it shall be evidence of his intention to do so theretofore. *Snyder v. State,* 78 Miss. 366, 29 So. 78. We think the language of the provision will bear no other interpretation, and certainly the reason and philosophy of it exclude any other. The provision is based upon the legitimate presumption that a person will not procure a license to sell intoxicating liquors unless he intends to sell them; that he will not voluntarily expend money for a useless thing, and that when he pays the special tax and procures the license required of liquor dealers he intends to do what the license authorizes him to do, namely, sell liquor during the licensed term. Woollen & Thornton's Law of Intoxicating Liq-

uors, sec. 972. The license is not retroactive, and its subsequent issuance is no authority for a sale made prior to the payment of the tax. *United States v. Angell,* 11 Fed. 34. If there had been any evidence from which the jury could legitimately have found that the sale in question was made on or after April 28, 1909, the day the special tax was paid, then the certified copy in question would have been competent and admissible under an instruction from the court that it should be considered by the jury only if the transaction in question took place after the payment of the tax; but in this case there was no such evidence. The date of the sale was definitely fixed by the prosecution at twenty-three days before the payment of the tax; and under such circumstances the court erred in admitting the certified copy in evidence. Reversed and remanded for a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.