## JOHN TWEEDY v. STATE.

No. A-2001.  Opinion Filed May 16, 1914.

(140 Pac. 787.)

1. **INTOXICATING LIQUORS—Unlawful Possession—Sufficiency of Evidence.** On the trial of an accused charged with the unlawful possession of intoxicating liquor with intent to sell the same, proof that such accused possessed, within the jurisdiction of the court trying the case, 60 kegs of whisky, 50 casks of beer, and 27 gallons of whisky at one time, together with the proof of the payment of the wholesale liquor dealer's tax required by the United States government, is amply sufficient to sustain a verdict of guilty, and especially so when there is no defense offered.

2. **INDICTMENT AND INFORMATION—Variance—Name of Accused.** When an information charges a crime against John Tweedy, and the proof shows that the crime was committed by J. M. Tweedy, and shows further that John Tweedy and J. M. Tweedy are one and the same person, all the safeguards of the law have been observed, and a verdict of guilty is properly returned by the jury and sustained by the trial court.

*Appeal from County Court, Pawnee County;*
*Geo. E. Merritt, Judge.*

John Tweedy was convicted of having unlawful possession of intoxicating liquor with intent to sell the same, and appeals. Affirmed.

*Orton & McNeill*, for plaintiff in error.

*C. J. Davenport*, Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.   The plaintiff in error, John Tweedy. was convicted at the March, 1913, term of the county court of Pawnee county on a charge of having unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of $500 and imprisonment in the county jail for a period of 120 days.

All the proof introduced at the trial was introduced by the state, and tended to show that on the 22d day of February, 1913, the accused signed a receipt for 50 casks of beer, weighing 12,500 pounds, 27 gallons of whisky, weighing 1,300 pounds, and 60 kegs of whisky, weighing 6,000 pounds, being a total of 19,850 pounds of intoxicating liquor.   The liquor was all in one freight car, which was signed for as aforesaid on the 22d day of February, 1913, and the seal broken by the railway agent at the direction of accused.   On the morning of the 23d following the car was empty.   The state further showed that the accused had paid to the United States government the special license tax required of wholesale liquor dealers, his place of business having been designated as Keystone, Okla.

Section 6, c. 70, Sess. Laws 1910-11, requires railroads to keep a record of the amount and kind of intoxicating liquors received, to whom it is shipped and by whom it is received, the date when received and when delivered.   The statute further provides that the books in which this record is kept shall constitute *prima facie* evidence of the facts therein stated, and shall be admissible in any court of this state having jurisdiction to or in any manner clothed with power to enforce the prohibitory laws.

It appears that the shipment of whisky in this case was made to John Tweedy, and was signed for by J. M. Tweedy.   The information was filed by the county attorney against John Tweedy. In the trial court John Tweedy filed a motion for continuance, and, among other things, says:

"Comes now the defendant and moves the court to quash the information in the above-entitled cause for the reason that said information is too indefinite and uncertain in the following facts, to wit:   (1) That said information does not state a place

definite and certain enough to inform the said defendant to prepare for trial, as said information is indefinite and uncertain, and that it does not state where the said defendant had possession of said whisky and beer except in Pawnee county, but as to what particular place or locality said defendant had possession of said intoxicating liquor is not stated, and for that reason is not definite and certain enough to enable said defendant to prepare for trial. * * * "

He signs the motion "J. M. Tweedy," and is identified as the person on trial. J. M. Tweedy and John Tweedy are further shown in the trial to be one and the same person. One witness who had known the accused twenty years testified that his name was John Tweedy and his initials were "J. M." There can be no doubt that the accused, John Tweedy, and J. M. Tweedy are one and the same person. Neither is there any doubt that the accused was in possession of 60 kegs of whisky, 50 casks of beer, and 27 gallons of whisky, as charged in the information and proved at the trial, with intent to sell or dispose of same contrary to law.

There is absolutely no merit in this appeal. If one can go about this state paying a special revenue tax, as required by the United States from liquor dealers, and be in possession of one car load of liquor at one time without intending to violate the law, then the prohibitory law of the state amounts to nothing. It is asking entirely too much of a conscientious jury to demand that it return a verdict of not guilty in such cases, when there is absolutely no denial of the facts in any particular on the part of the accused, and it is requesting too much of this court for counsel for accused to urge a reversal under such conditions. When there is any reasonable construction of the proof that will permit the trial jury or court to reasonably conclude that there was no purpose or intent on the part of an accused to violate the law, zeal of counsel in urging such a conclusion is commendable, but, when the facts are such as are disclosed by this record, they are entitled to very little consideration by the juries and the courts of Oklahoma.

The maximum fine provided by law was imposed by the jury in this case. So far as we are able to discover from the

record, the only criticism that the law-abiding public could in any way make of the verdict of the jury is that it did not impose the maximum jail sentence as well. The proof overwhelmingly establishes the fact that the accused was a wholesale liquor dealer. The jury did its duty in finding him guilty and fixing his punishment, and this court will likewise do its duty by affirming the judgment.

The judgment is affirmed. Mandate ordered forthwith.

DOYLE, J., concurs. FURMAN, J., absent, and not participating.