## H. B. RHOADS v. STATE.

. No A-2572.   Opinion Filed September 23, 1916.

(159 Pac. 945.)

1. **INTOXICATING LIQUORS — Offenses — Prosecution — Evidence.**
Proof of possession of intoxicating liquors of any kind at a place where intoxicating liquors of the same or any other kind are kept and sold by the person owning or keeping the place is, in the absence of a reasonable explanation, sufficient to support a judgment of conviction.

2. **INTOXICATING LIQUORS.—Offenses — Evidence — Sufficiency.**
Proof of possession of large quantities of intoxicating liquors and that the person in possession thereof has paid the tax required by the United States government of retail liquor dealers is sufficient, in the absence of any reasonable explanation, to support a conviction.

*Appeal from County Court, Canadian County.*
*R. B. Forrest, Judge.*

H. B. Rhoads was convicted of a violation of the prohibitory law, and he appeals.   Affirmed.

*J. N. Roberson,* of El Reno, for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. Plaintiff in error, H. B. Rhoads, was convicted at the August, 1915, term of the county court of Canadian county on a charge of having unlawful possession of intoxicating liquors with intent to sell the same, and his punishment fixed at a fine of $400 and imprisonment in the county jail for a peroid of six months.

(1) The information charges that plaintiff in error had possession of beer on or about the 15th day of April, 1915, with intent to sell the same. It appears that deputy sheriffs searched the residence of plaintiff in error under a search and seizure warrant, and found 52 bottles of beer beneath a trapdoor in the floor. The liquor was discovered by removing the carpet or rug, and then raising the trapdoor. Beneath this trapdoor the beer was found. Three officers who searched the premises testified to these facts. It is also shown that intoxicating liquors had been frequently sold on the premises, and that the plaintiff in error had paid the special revenue tax to the federal government and acquired a retail liquor dealer's license covering the year in which this beer was found. On previous occasions the officers had found as much as two barrels of whisky in the possession of the plaintiff in error, and at other times, had found beer. It appears that the place was never raided without intoxicating liquor of some character being found on the premises. The plaintiff in error neither denies the possession of the beer nor the payment of the internal revenue tax. Nor does he deny the fact that his place was one where intoxicating liquors were kept and sold. The state's case was overwhelmingly made out; in fact, there was no denial of the same on the part of any one. The verdict of the jury was therefore a proper one, and the judgment of the court correct.

Counsel argue that, since the plaintiff in error was charged with the sale of beer, the court should not have permitted proof tending to show that plaintiff in error was a frequent seller of other intoxicating liquor of different kinds. This evidence was properly admitted. Possession of intoxicating liquors of any

kind at a place where intoxicating liquors of the same or any other kind are sold, in the absence of any reasonable explanation, will sustain a judgment of conviction.

(2)    Besides, in this case the plaintiff in error apparently was engaged in the saloon business, having provided himself with overwhelming quantities of intoxicating liquors and a government retail liquor dealer's license.    The appeal is without merit.

The judgment of the trial court is affirmed.

DOYLE, P. J., and BRETT, J., concur.