## JOHN LEMKE v. STATE.

No. A-5356.  Opinion Filed Dec. 23, 1925.
(241 Pac. 832.)

Massingale & Duff, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. Plaintiff in error, John Lemke, by the verdict of a jury, was found guilty of illegal possession of intoxicating liquor, and his punishment fixed at a fine of $100 and confinement in the county jail for 30 days. To reverse the judgment rendered in accordance with the verdict, he appeals.

Of the numerous errors assigned, we deem it only necessary to consider the one, that the evidence is insufficient to sustain the verdict.

W. H. Dean, sheriff, testified that he found the whisky which was introduced as evidence about 150 yards from the defendant's house, on the south side of the section line from the defendant's house, but not on the premises of the defendant; that the jars containing the whisky were buried in the sand.

Two witnesses testified that they were sawing logs on the creek which passes near the section line intersection; saw the defendant walking along the section line tramping weeds; that he came up to where they were at work and asked them if they had seen any eggs around there.

J. H. Standerfer, deputy sheriff, testified that he was with the sheriff and they searched the defendant's premises and did not find any whisky, but did find some fruit jars containing whisky buried in the sand on the section line on the south side from his house.

At the close of the state's evidence, there was a motion by the defendant for a directed verdict, on the ground that the evidence was insufficient to connect him with the alleged offense, in the form of a demurrer to the evidence, which was overruled.

As a witness in his own behalf, John Lemke testified that his house is between 200 and 300 yards north of the section line where the whisky was found, and that the place was near the intersection with the east and west and north and south section lines, south and west of the defendant's house; that near the said intersection there is a bridge across the creek, which is heavily timbered, and at that place people congregate nearly every night; that drinking. gambling, and carousing, was a common occurrence in the vicinity of this bridge; that several times he found jars there the next morning; that he never knew of the presence of the whisky in the section line; that it did not belong to him, and he did not know that it was there until the officers found it.

Dink Weathersby testified that he lived in the house where the defendant lived two years prior to the time defendant moved there; that he left the place because so many people congregated there near the bridge and at night, carousing there; that he often found jars and bottles on the ground there.

The testimony of three or four other witnesses for the defense was, in substance, to the same effect.

It is unquestionably the law that crime may be established by circumstantial evidence, but it is also uniformly held that the circumstantial evidence must go beyond mere suspicion and conjecture, and, where circumstantial evidence solely is relied on for a conviction, the circumstances tending to show guilt must be consistent, the one with the other, and point so strongly to the guilt of the defendant

as to exclude every other reasonable hypothesis except that of guilt.

Obviously the verdict in this case is not supported by the evidence, and the motion for a directed verdict of acquittal should have been sustained.

The judgment appealed from herein is therefore reversed; the cause remanded with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.