## LESTER SPARKS v. STATE.

No. A-10268.    Oct. 20, 1943.
(142 P. 2d 377.)

R. O. Ingle, of Sallisaw, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Lester Sparks, was charged in the county court of Sequoyah county with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail, pay a fine of $50 and costs, and has appealed.

It is contended that the evidence is insufficient to sustain the conviction. Certain officers of Sequoyah county, armed with a search warrant, made a search of defendant's premises. In the kitchen of his residence they found one pint bottle and one half pint bottle of tax-paid whisky. The seals on the bottles were unbroken. They also found a federal retail liquor dealer's license for the current year and one for the preceding year in defendant's possession. At the time of the search and arrest of defendant, defendant stated to the officers, "You boys go back to town and tell the people you've caught old Lester, the best friend you ever had, but he has plenty more but the price of liquor has gone up." He further stated to one of the officers, "I got plenty of whisky and Happy, you're an old bootlegger and I have it hid where you can't find it." Two days later the defendant stopped the undersheriff on the streets of the town of

Sallisaw and told him, "You boys won't make me sore by shaking me down. Go ahead and search the place when you get ready. I am going to sell whisky but I'll have it hidden where you can't find it."

This court is very hesitant about affirming a conviction for unlawful possession of intoxicating liquor where the amount found in possession of the offender is less than one quart and were it not for all the other attendant circumstances, as hereinabove outlined, we would not hesitate to reverse this case because of the insufficient quantity seized by the officers on the occasion of their raid.

An intent to sell is the gist of the offense of unlawful possession of intoxicating liquor. The possession in excess of one quart is prima facie evidence of an intent to sell under our statute, 37 O. S. 1941 § 82, but that does not mean that a conviction may not be had where there is possession of less than one quart.

We also have a statute which provides that the payment by the defendant of the special liquor dealer's tax to the United States Government, which may be shown by the possession of a federal retail liquor dealer's license, constitutes prima facie evidence of an intent to sell, where the accused is found in possession of intoxicating liquors. 37 O. S. 1941 § 81. We not only find the defendant in possession of a federal retail liquor dealer's license, but he bragged to the officers that he was a liquor offender and that he had other liquor which he had hidden where they were unable to find it. In view of these circumstances, we are impelled to the conclusion that the evidence is sufficient to sustain the conviction.

In the petition in error filed by defendant, he alleges as one of his grounds for reversal the fact that the court

erred in overruling his motion to suppress the evidence. The record does not disclose any hearing in connection with a motion to suppress evidence nor any ruling of the court thereon. Neither the search warrant nor affidavit was introduced in evidence, and there is nothing in the record from which this court may conclude that the evidence of the state should have been suppressed because of an unlawful search.

The judgment of the county court of Sequoyah county is affirmed.

BAREFOOT, J., concurs. DOYLE, J., absent.