## GEORGE DEWEY EDWARDS v. STATE.

No. A-10671.    Feb. 12, 1947.

(177 P. 2d 131.)

Laynie W. Harrod, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, George Dewey Edwards, was convicted in the court of common pleas of Oklahoma county of the offense of unlawful possession of intoxicating liquor and sentenced to pay a fine of $50 and serve 30 days in the county jail, and has appealed.

The sole assignment of error presented in the brief of the defendant is that the verdict is contrary to the law and the evidence.

Three officers of Oklahoma county, armed with a search warrant, went to the residence of defendant on April 29, 1945, and found seven pints of assorted brands of tax-paid whisky. According to the testimony of the officers, the whisky was found in the bottom of a duofold in a secret compartment operated by hidden hooks.

Officer Caldwell testified that when they made the search, they moved the duofold and heard the bottles rattle in the bottom. That they then turned the duofold upside down trying to find some way to get into the compartment where the bottles were located. That a mattress and a set of springs were on top of the duofold and they removed

those and found some secret hooks by which the bottom compartment was opened. He further testified that the defendant was present when the search was made; that the officers searched about half an hour before they found any liquor. That when they found it, the defendant stated that he didn't think the officers would be able to find the whisky there.

On cross-examination of the officers, counsel for defendant attempted to show that the compartment where the whisky was found was not a secret compartment, but was an ordinary drawer built in the day bed at the factory and in which quilts ordinarily are stored. But the officers testified that they had searched many similar duofolds and had never found such a compartment in any other duofold.

The defendant did not testify, but his wife testified in his behalf, that a Mr. Shipley brought the whisky to their house just a few days before the officers made the search. That the whisky was brought there for her husband who intended to drink it for his own personal enjoyment, and was not for sale. On cross-examination, she admitted that they had a federal retail liquor dealer's stamp. She further testified that the compartment described by the officers as a secret drawer was a part of the bed as originally made, and there had been no secret compartments built into it.

H. C. Stout testified on behalf of the defendant that he ran a repair shop in Capitol Hill, and that for about 18 months he had bought fans, irons, clocks, watches and other things which the defendant had brought to him. That the defendant drank whisky.

Based on the evidence offered on behalf of the defendant, his counsel presents the novel contention that since

the defendant's proof showed that the whisky was in the possession of the defendant for his own personal use, and there was no evidence of the state to rebut it, it was the duty of the court to instruct the jury at the conclusion of all the evidence to return a verdict of not guilty, citing as an authority the case of Bock v. State, 80 Okla. Cr. 28, 156 P. 2d 381, in which this court stated:

"It is not unlawful to have the possession of intoxicating liquors for your own personal use."

However, we direct attention to the fourth paragraph of the syllabus in Bock v. State, supra, in which it is further stated:

"The intent with which liquors are possessed is an essential ingredient of the crime. 37 O. S. 1941 § 82, makes the possession in excess of one quart of whisky prima facie evidence of an intent to sell, but is not conclusive, and where defendant contends that he had intoxicating liquor for his own personal use, such contention raises an issue for the determination of the jury under proper instructions."

In the body of the opinion it is stated:

"Nine pints of whisky were found in a room at defendant's residence. The defendant did not testify, but his wife testified in his behalf that the defendant had the whisky for his own personal use and did not have it for the purpose of sale in violation of the law. In Oklahoma, the possession of intoxicating liquor for his own personal use is not unlawful regardless of the quantity a person has in his possession. Where a person has in excess of one quart in his possession under the statute such possession is prima facie evidence of an intent to sell, 37 O. S. 1941 § 82, but this is not conclusive, and where the defendant contends that he had the intoxicating liquor for his own personal use, such contention raises an issue for the determination of the jury under proper instructions. If they should deter-

·mine that the defendant had it for his own personal use, it is their duty to return a verdict of not guilty. If they should determine that he had it for the· purpose of sale, conveyance, or other unlawful purpose, their verdict should be that of guilt."

In the instant case there was a sufficient quantity of whisky to make a prima facie case against the defendant. The testimony of the wife of the defendant that the defendant had the possession of the whisky for his own personal use raised an issue for the determination of the jury under proper instructions. The court completely and fully cover: ed this theory of the defendant in instruction No. 13, and no complaint is made by counsel for the defendant that the instructions did not fully state the law of the case.

The judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

BAREFOOT, P. J., and BRETT, J., concur.