## J. D. GENTRY v. STATE.

No. A-10785.   Dec. 10, 1947.
(187 P. 2d 1010.)

Wm. H. Lewis, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. The single proposition presented by this appeal is whether the evidence is sufficient to sustain the conviction of defendant for unlawful possession of intoxicating liquor.

On April 4, 1946, certain policemen of Oklahoma City, armed with a search warrant, went to apartment No. 3 at 15 N. W. 5th street in Oklahoma City, which was occupied by defendant and his wife. Apartment No. 3 is one of five apartments at this address. In a search of the premises, the officers found one pint of tax-paid whisky with the seal unbroken in defendant's apartment, and in the backyard of the apartment building, under an old car body, they found three pints of tax-paid whisky, two of which were identical in description with the one found in the apartment. The defendant admitted that the one pint of whisky found in his apartment belonged to him, but made no statement concerning the three pints of whisky found under the old car in the backyard. The state also introduced evidence that a Federal Retail Liquor Dealer's License had been issued to J. D. Gentry at 15 N. W. 5th, Oklahoma City, by the Collector of Internal Revenue, showing the payment of the special Liquor Dealer's Tax to the United States Government for the period January 1, 1946 to June 30, 1946. No evidence was offered on behalf of defendant.

It is contended by counsel for defendant that there was no connection shown between the defendant and the three pints of whisky found in the backyard, and that

eliminating these three pints of whisky from consideration, there was an insufficient quantity in defendant's possession to make a prima facie case against him and that therefore the evidence is insufficient to sustain the conviction.

This court has held that where the proof of the state discloses that less than a quart of whisky is found in the possession of the accused, it is not a sufficient quantity to make a prima facie case, and where the state fails to introduce any further evidence in an attempt to establish the unlawful intent with which the possession is had, the court should sustain a demurrer to the evidence and order the defendant discharged. Thomas v. State, 70 Okla. Cr. 404, 106 P. 2d 836.

There would be considerable merit to the argument presented on behalf of defendant, if it were not for the fact that the evidence of the state showed that the defendant had been issued a Federal Retail Liquor Dealer's Certificate showing the payment of the special Liquor Dealer's tax to the Federal Government.

37 O. S. 1941 § 81 provides:

"The payment of the special tax required of liquor dealers by the United States by any person within this State, except local agents appointed as hereinbefore provided, shall constitute prima facie evidence of an intention to violate the provisions of this Chapter."

This case is analogous to Sparks v. State, 77 Okla. Cr. 428, 142 P. 2d 377, 378, in which case the arresting officers found the defendant in possession of one and one-half pints of whisky and also a Federal Retail Liquor Dealer's License such as was issued to the defendant in the instant case. In disposing of that case, it was stated:

"This court is very hesitant about affirming a conviction for unlawful possession of intoxicating liquor where the amount found in possession of the offender is less than one quart and were it not for all the other attendant circumstances, as hereinabove outlined, we would not hesitate to reverse this case because of the insufficient quantity seized by the officers on the occasion of their raid.

"An intent to sell is the gist of the offense of unlawful possession of intoxicating liquor. The possession in excess of one quart is prima facie evidence of an intent to sell under our statute, 37 O. S. 1941 § 82, but that does not mean that a conviction may not be had where there is possession of less than one quart.

"We also have a statute which provides that the payment by the defendant of the special liquor dealer's tax to the United States Government, which may be shown by the possession of a federal retail liquor dealer's license, constitutes prima facie evidence of an intent to sell, where the accused is found in possession of intoxicating liquors. 37 O. S. 1941 § 81. * * *

"In view of these circumstances, we are impelled to the conclusion that the evidence is sufficient to sustain the conviction."

The judgment of the court of common pleas of Oklahoma county is affirmed.

BAREFOOT, P. J., and BRETT, J., concur.