## BISHOP v. STATE.

No. A-11081.   Feb. 8, 1950.

(214 P. 2d 971.)

F. C. Swindell, O. C. Lassiter, Harry L. S. Halley, and Logan Stephenson, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J.   The defendant was charged, tried, convicted and sentenced on March 30, 1948, to pay a fine

of $250 and costs and to serve a term of 30 days in the county jail for being in unlawful possession of 7 pints of whisky and 2 1/5 gallons of gin, contrary to the prohibitory laws of the State of Oklahoma.

The Attorney General has filed a motion to dismiss the appeal for the reason that more than 60 days have elapsed since judgment was rendered and the appeal was perfected in this court, alleging that this court lacks jurisdiction to hear said appeal. Subsequent to the filing of the motion to dismiss, the defendant was permitted by this court to supplement the case-made by inserting an order made by the trial court correcting the order of April 10, 1948, to show the same to read "Pete Bishop is hereby given an extension of 60 days over and above the time allowed said defendant of 60 days, allowed by statute" instead of 45 days as appeared in the case-made before the same was corrected to reflect what was actually done. This correction was permitted by order of this court. Thus the appeal was lodged within the time allowed by law, and the motion to dismiss is without merit.

It appears on the merits, that the defendant on November 14, 1947, owned a 1942 Mercury automobile that had a compartment under the front seat under the floor mat. This compartment would hold about a case of liquor. To gain access to this compartment the front seat had to be pushed back, and the floor mat raised and a metal slide cover pulled back. The officers found the car parked on 6th street of Tulsa between Boston and Cincinnati streets. They searched the car under a valid search warrant, and found a quantity of whisky and gin therein as hereinbefore described. When the defendant appeared he assumed dominion and control of the car and admitted the liquor was his and he was thereupon

arrested. The defendant sought to defend on the ground that he and a Mr. Miller had purchased the liquor to take on a hunting trip near Alice, Texas. The record shows that on November 15, 1947, the day following the defendant's arrest on the charge herein laid, he did buy a hunting license in Austin, Texas. This explanation might have appealed to the jury, had it not been for subsequent disclosures. The value of the defense was overcome by the fact that on cross-examination the defendant, formerly an old Texas resident, aware of the liquor situation in Texas, knew that liquor could be bought cheaper in Dallas and in Austin, Texas, than in Oklahoma, all of which places he would pass through getting to Alice, Texas, on his hunting trip. Moreover, this defense was completely overcome on cross-examination when it was developed that the defendant on the day in question, and for some time prior thereto, had a federal liquor dealer's license. This inquiry under the law was entirely proper. This admission by the defendant brought him within the provisions of Title 37, § 81, O. S. A. 1941, reading as follows, to wit:

"The payment of the special tax required of liquor dealers by the United States by any person within this State, except local agents appointed as hereinbefore provided, shall constitute prima facie evidence of an intention to violate the provisions of this Chapter."

In construing the foregoing section of the statute it has been repeatedly held that proof of possession of a quantity of intoxicating liquor combined with the possession of a federal retail liquor license, in the absence of a reasonable explanation, is sufficient to sustain a conviction for violation of the prohibitory laws. Gentry v. State, 85 Okla. Cr. 296, 187 P. 2d 1010; Sparks v. State, 77 Okla. Cr. 428, 142 P. 2d 377; Rhoads v. State, 12 Okla. Cr. 522, 159 P. 945; Walker v. State, 11 Okla. Cr. 339,

127 P. 895; Cahn v. State, 10 Okla. Cr. 200, 135 P. 1155, and numerous other cases. Moreover, the finding in excess of one quart of whisky likewise brought the defendant within the provisions of Title 37, § 82, O. S. A. 1941, reading in part as follows, to wit:

"The keeping, in excess of one quart of any spirituous, * * * liquors, * * * shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors; * * *."

This section has likewise been construed many times wherein, in substance, it has been held that the possession of a quantity of liquor prohibited by this section is prima facie evidence of guilt. Edwards v. State, 83 Okla. Cr. 370, 177 P. 2d 131; Stites v. State, 44 Okla. Cr. 92, 279 P. 911; Caffee v. State, 11 Okla. Cr. 485, 148 P. 680, and in numerous other cases.

But the question of whether the defendant had possession of intoxicating liquor with the intent of bartering, selling, conveying or giving away of the same in violation of the prohibitory laws is for the jury. Whitwell v. State, 72 Okla. Cr. 192, 114 P. 2d 489; Edwards v. State, supra; Stites v. State, supra; Stump v. State, 66 Okla. Cr. 391, 92 P. 2d 616, and numerous other cases. This being true the foregoing facts created an issue for the determination of the jury. It is interesting to observe that at no time did the defendant attempt to show by direct proof what his occupation was. Counsel studiously refrained from going into this question. Only by showing that at the time the defendant's car was located and searched the defendant was then in the Atlas Insurance Company offices purchasing an insurance policy to cover the car (which was offered in evidence) wherein it indirectly appears that his occupation was that of a welder. Counsel did, however, show by direct proof

that Mr. Miller's occupation was that of a brakeman on the railroad. This was a matter that the jury took into consideration, as well as the fact that the defendant was in possession of more than one quart of liquor bought in Oklahoma at an increased price, possessed a federal liquor dealer's license, possessed an automobile equipped for secreting, hauling and possessing a case of liquor in said car, all of which in light of the defense that the liquor was possessed not for sale but for a hunting trip into Texas, presented an issue of fact to be determined by the jury. There is sufficient evidence to support the jury's finding of guilt.

It has been repeatedly held that the function of the Criminal Court of Appeals in a case where the sufficiency of the evidence is in question, is limited as ascertaining whether there is a basis in the evidence from which the jury could reasonably conclude that the defendant is guilty. Ray v. State, 86 Okla. Cr. 68, 189 P. 2d 620, and other cases.

The defendant's contention as to the proposition that the defendant's reputation was made an issue by the state when the sheriff responded to the question "Q. How much liquor did you find there? A. There was 7 pints and 2 quarts at that particular time", has some merit since it might be inferred from the answer that the officer had searched the car at some other time. However, such remark of the officer was not reversible error but will be considered in connection with the contention that the punishment was excessive.

The defendant contends that the punishment assessed is excessive. In view of the fact that the record shows that the defendant has never before been convicted of law violations, and because of the small quantity of liquor involved, there is merit in this contention. These facts,

considered together with the voluntary remark of the officer hereinabove quoted, convince us that justice requires a modification of the judgment and sentence.

The judgment and sentence is accordingly modified to a fine of $50 and 30 days in jail, and as so modified the judgment and sentence is affirmed.

JONES, P. J., and POWELL, J., concur.