## FOWLER v. STATE.

No. A-11717. May 13, 1953.

(257 P. 2d 537.)

W. C. Henneberry, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, Fred Fowler, defendant below, was charged by information in the court of common pleas of Tulsa county, Oklahoma, with the offense of unlawful possession of intoxicating liquor on August 21, 1951, said liquor being described as follows, to wit, 24 one-half pints of Old Forrester, 8 one-half pints of Log Cabin, 15 pints of Ancient Age, 14 pints of Sunny Brook, and 24 one-half pints and one pint of Hill & Hill, all tax-paid whiskey. The defendant was tried on said charge, convicted, and his punishment fixed at a $50 fine and 30 days in jail; judgment and sentence was entered accordingly, from which this appeal has been perfected.

At the trial of this case there was offered in evidence an instrument, U. S. Treasury Department Certificate dated October 29, 1951, Office of Collector of Internal Revenue, H. I. Hinds, showing that Fred J. Fowler of 108½ East 2nd Street, Tulsa, Oklahoma, was a federally licensed retail liquor dealer from July 1, 1951, to June 30, 1952. No sworn proof was offered to establish that Fred J. Fowler and Fred Fowler as defendant were one and the same man. Yet it appears that the Federal Retail Liquor Dealer's License was issued to Fred J. Fowler of 108½ East Second Street, the identical place where the liquor was found under a valid search and seizure. The warrant for the search was served on Fred Fowler at the address named in the Liquor Dealer's License issued to Fred J. Fowler, and he personally admitted the officers making the search to the said premises. Hence, it cannot be denied that Fred Fowler was operating at the address named in both the Liquor Dealer's License and the search warrant. Moreover, the record shows he maintained his residence at this address. It further appears that in executing the bond for defendant's appearance he gave as his address 108½ East 2nd street. It further appears he gave the same address on his appeal bond. Moreover, there is no denial by the defendant that he was not one and the same person. If there had been such another person as Fred J. Fowler other than himself, surely the defendant would have produced proof contra to the foregoing chain of circumstances establishing his identity. This is a case of "the moving finger writes, and having writ, moves on; nor all your piety and wit can lure it back to cancel out half a line, nor all your tears wash out a word of it". While we are in accord with the principle announced in Ward v. State, 8 Okla. Cr. 525, 128 P. 1105, relied on by the defendant, we do not find the same applicable herein for there is ample uncontroverted circumstantial proof herein establishing the identity of Fred J. Fowler and Fred Fowler as being one and the same, and positively nothing offered to the contrary.

"Direct evidence of identification is not required; circumstantial evidence may be sufficient to establish the identity of accused as the person who committed the crime, and to establish the identity of persons and things in general. However, the circumstances proved must lead to but one fair and reasonable conclusion pointing to accused to the exclusion of all others as the guilty person and exclude every other reasonable hypothesis except that of accused's guilt." 23 C.J.S., Criminal Law, § 920, page 192; 16 C.J. 774, § 1584; Lemke v. State, 33 Okla. Cr. 34, 241 P. 832.

The foregoing proof as to identity herein meets every requirement of the above stated rule. Furthermore, on the question of middle name and initial, it has been held in Gallaher v. State, 124 Tex. Cr. R. 398, 63 S. W. 2d 382, 383, quoting from Vol. 29, Ency. of Law & Proc., page 264:

"Under the well-settled rule that the law recognizes only one christian name, it has been repeatedly held that the insertion, or omission, of, or mistake in, a middle name or initial in a ciminal as well as in a civil proceeding, is therefore immaterial."

In People v. Goscinsky, 52 Cal. App. 62, 198 P. 40, paragraph 1 of the headnotes reads:

"That an information makes a mistake in or omits defendant's middle initial or name is immaterial; the law recognizing only one Christian name."
In the body of the opinion the court said:

"The law recognizes only one Christian name; and it has been often held that a mistake in or omission of a middle initial or name is immaterial; but there is a conflict in the authorities as to the sufficiency of the use of initials in lieu of the given name. 29 Cyc. 265, 269."

In Cahn v. State, 10 Okla. Cr. 200, 135 P. 1155, it was held:

" (a) The proof of payment of the special tax required by the United States government from retail liquor dealers, together with the proof of possession of intoxicating liquors, is sufficient to sustain a conviction of one charged with having unlawful possession of such liquor, with intent to sell the same."

In Rhoads v. State, 12 Okla. Cr. 522, 159 P. 945, it was said:

"Proof of possession of large quantities of intoxicating liquors and that the person in possession thereof has paid the tax required by the United States government of retail liquor dealers is sufficient, in the absence of any reasonable explanation, to support a conviction."

See, also Tweedy v. State, 10 Okla. Cr. 612, 140 P. 787; Trotter v. State, 77 Okla. Cr. 368, 141 P. 2d 812; Nichols v. State, 76 Okla. Cr. 178, 135 P. 2d 352. We are of the opinion that the proof of identity of the defendant as Fred J. Fowler was clearly evident in this record and sufficient to support the conviction, judgment and sentence, and the same is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.