# ADAMS v. STATE.

No. A-11803. Sept. 30, 1953.

(261 P. 2d 614.)

Irvine E. Ungerman, Tulsa (Charles A. Whitebook, Tulsa, of counsel), for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. Plaintiff in error, C. J. "Rocky" Adams, defendant below, was charged in the common pleas court of Tulsa county, Oklahoma, with having committed the offense of unlawful possession of intoxicating liquor, allegedly committed on June 14, 1951.

The record discloses that the proof established possession of less than one quart, to-wit, one-fourth pint of gin and one and one-half pints of whiskey. It is well to note here that under the proof the state would be without the support of the prima facie rule under the provisions of Title 37, § 82, 1951, making possession of in excess of one quart of intoxicating liquor prima facie evidence of intent to sell the same. Bishop v. State, 90 Okla. Cr. 410, 214 P. 2d 971; Gentry v. State, 85 Okla. Cr. 296, 187 P. 2d 1010; Payne v. State, 84 Okla. Cr. 166, 180 P. 2d 193; Clasby v. State, 78 Okla. Cr. 45, 143 P. 2d 430; Stump v. State, 66 Okla. Cr. 391, 92 P. 2d 616; and many other cases to the same effect.

The defendant was tried by a jury, convicted and his punishment left to the court, which sentenced the defendant to 30 days in jail and a fine of $50 and judgment and sentence entered accordingly.

The defendant presents in this appeal seven assignments of error, but it shall be necessary to consider only one, that the verdict of the jury is not sustained by sufficient evidence. The evidence in substance was as follows: Officers Wilson, Bell, Raines and Lovelace all deputy sheriffs of Tulsa county, Oklahoma, conducted a raid on the Continental Supper Club Steak and Chicken House located in Tulsa, Oklahoma. When the raid was conducted defendant was not present. The record shows he had left some time shortly before the raid, but when informed of the raid, agreed to meet the officers at the sheriff's office. At the sheriff's office he was asked why he ran away, to which the officers testified

he said, "I didn't want to have my picture taken any more". The raid did not disclose any large stock of intoxicating liquor, in fact, only one and three quarters of a pint. This small quantity of liquor was found behind the service bar, where the officers also found soft drinks and ice. The deputies testified they found behind the bar 3 soda water bottles that contained less than a quart of what they believed to be whiskey and gin. The two bottles containing whiskey were sent to the Tulsa Testing Laboratory where they were tested and found they contained whiskey and a mix. The liquor was 76.6 proof and contained 38.8% alcohol by volume and 31.2% alcohol by weight.

The only evidence in the record to connect the defendant with the Continental Supper Club is the testimony of Officer Wilson and a waiter, Zackery, who testifed that Rocky Adams was the operator thereof; nothing in the record disputes this assertion, and that is sufficient to establish ownership. There is no attempt to prove that if Adams did possess the liquor it was with the intent and purpose of disposing of the same in violation of law, Title 37, §§ 31, 82, O.S.A. 1951. It has been repeatedly held that the intent with which intoxicating liquors are possessed is an essential ingredient of the crime of unlawful possession thereof. Edwards v. State, 83 Okla. Cr. 370, 177 P. 2d 131. The mere possession of intoxicating liquor without an intent to convey, sell or otherwise dispose thereof is not a crime. Robinson v. State, 71 Okla. Cr. 75, 108 P. 2d 196. The presumption of guilt not being available to the state in this case, it was therefore necessary that intent of possession for an unlawful purpose be established by proof. In fact, it has been held that where one is found in possession of intoxicating liquor, whether it be more or less than one quart, the question of intent to convey, sell, or otherwise dispose of such liquor is a question for determination of the jury of the guilt or innocence of the person charged. Tarver v. State, 82 Okla. Cr. 387, 171 P. 2d 269. See also Hill v. State, 76 Okla. 371, 137 P. 2d 261, where the record disclosed the defendant was found in possession of approximately one and one-half pints of tax paid whiskey. Therein it was held that the burden was on the state to prove that the place where the liquor was found was in defendant's possession or under his control, or that the intoxicating liquor belonged to the defendant, or that the defendant had possession of the same. It was further held to justify or sustain a conviction for unlawful possession of intoxicating liquor there must be evidence sufficient to prove an unlawful intent. The evidence was held insufficient to sustain the conviction.

The evidence herein discloses that Thomas Zackery, a waiter and Winfred Johnson another employee of the Supper Club, testified that the liquor in question was theirs, that they gathered it up off the tables as it had been left by the customers they would bring it back from the tables and pour it up in the bottles. Zackery testified the whiskey did not belong to defendant Adams but belonged to him and Johnson. He said they would take it home or drink it before they left, that they were not permitted to drink on the job. He further testified that they were not selling liquor at the Supper Club. He related that he did not tell the officers any part of the whiskey was his because they did not ask him. He knew they wanted Mr. Adams and that they only asked where he was. As we have hereinbefore said in so far as the proof of the defendant's guilt is concerned there was no proof of the defendant's unlawful ownership of the liquor or such connection as to establish his possession of the liquor with unlawful intent. McCarthy v. State, 86 Okla. Cr. 51, 189 P. 2d 436. There was no evidence to show that the defendant was in possession of a federal liquor stamp, or that any sale of liquor was made by the defendant or any of his employees at the Supper Club. In fact, so far as the defendant is concerned with reference to the offense with which he is herein charged, the case consists of only the sheerest suspicion and surmise.

While a conviction may be had on circumstantial evidence, such evidence to warrant a conviction must not only be consistent with the guilt of the defendant but admit only of such conclusion. It must be inconsistent with and must exclude every other reasonable hypothesis than the defendant's guilt. In Ritter v. State, 84 Okla. Cr. 418, 183 P. 2d 257, 259, we said:

"The general rule in criminal cases is that where the evidence is circumstantial, the facts shown must not only be consistent with and point to the guilt of the defendant, but must be inconsistent with his innocence."

See, also, Jones v. State, 94 Okla. Cr. 243, 234 P. 2d 427; Combs v. State, 94 Okla. Cr. 206, 233 P. 2d 314, also Nash v. State, 94 Okla. Cr. 213, 233 P. 2d 322, wherein we said:

"Where the evidence of the state to sustain a conviction is based upon surmise, speculation and suspicion, the conviction will be reversed as not sustained by sufficient evidence."

In Lemke v. State, 33 Okla. Cr. 34, 241 P. 832, Judge Doyle said:

"It is unquestionably the law that crime may be established by circumstantial evidence, but it is also uniformly held that the circumstantial evidence must go beyond mere suspicion and conjecture, and, where circumstantial evidence solely is relied on for a conviction, the circumstances tending to show guilt must be consistent, the one with the other, and point so strongly to the guilt of the defendant as to exclude every other reasonable hypothesis except that of guilt.

"Obviously the verdict in this case is not supported by the evidence, and the motion for a directed verdict of acquittal should have been sustained."

In Ritter v. State, supra, we said:

"To sustain a conviction of crime, each and every material element must be supported by the evidence.

\* \* \* \* \* \*

"While it is well settled that this court will not disturb the verdict on account of the insufficiency of evidence when there is evidence to support it, the converse rule is equally well settled that it is not only the province, but the duty, of the court to set aside such a verdict when it is contrary to the evidence, or where there is no evidence to support it. The performance of this duty on the part of the court is the exercise of legal discretion and judgment as to the sufficiency of the evidence to overcome the legal presumption of innocence, to which every one is entitled who is put upon trial for an offense."

Herein the evidence rises no higher than the sheerest probability or suspicion. Under this record it cannot be urged that the facts are more consistent with guilt than with innocence. In fact the contrary is true. In Robinson v. State, 66 Okla. Cr. 139, 90 P. 2d 54, 56, it was said:

"In the instant case there is no proof of possession by either of the defendants, and their guilt is left to speculation and doubt. As stated in the case of McCarthy v. State, 6 Okla. Cr. 483, 119 P. 1020: 'The evidence should be of such a character as to overcome prima facie the presumption of innocence. If the evidence raises a mere suspicion, or, admitting all it tends to prove, the defendant's guilt is left doubtful or dependent upon mere supposition, surmise, or conjecture, the court should advise the jury to acquit the defendant.'

"The first fundamental principle of criminal jurisprudence is that every defendant is presumed to be innocent until his guilt is established by competent evidence beyond a reasonable doubt. Here there is absolutely no evidence to rebut this presumption. The evidence is not sufficient to support a charge of sale by defendants. Certainly there is nothing to show possession. It would be a mere matter of guess to say that defendants were guilty under this testimony."

240

We are of the opinion that the trial court erred in not sustaining both the defendant's demurrer and his request for an instructed verdict of not guilty. For all the above and foregoing reasons, the judgment and sentence herein is reversed and remanded with directions to dismiss.

POWELL, P. J., and JONES, J., concur.