Ralph HENDERSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12169.

Criminal Court of Appeals of Oklahoma

July 13, 1955.

W. H. Cooper, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The Plaintiff in Error, Ralph Henderson, defendant below, was charged in the County Court of Caddo County, Oklahoma, by information, with having committed the offense of being in the unlawful possession of intoxicating liquors, allegedly committed on or about the 10th day of September, 1953. It was alleged on said date that he was in possession of twenty-two (22) Pints of Whiskey, and thirteen (13) Pints of Gin, in violation of 37 O.S.1951 § 31. Defendant was tried by a jury, convicted, his punishment fixed at a $50 fine, and 30 days in jail. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

 The evidence disclosed that under a valid search warrant, a search was conducted on premises located near the Washita River, west of Anadarko. The defendant kept some horses on said premises and was present at the time of the search. The officers searched the house and found the 22 Pints of Whiskey and the 13 Pints of Gin hidden in a Cigarette Machine. At the time of the raid, the defendant said that he did not have possession of the key, but that the key was in possession of some man in Oklahoma City. He attempted to explain his presence by stating that he came out to look after his horses, and that a man by the name of Aubrey Shaw, who resided on the premises borrowed his car to run an errand. Defendant, Ralph Henderson, admitted that he was the possessor of a Federal Liquor Stamp, and denied that he was in actual possession of the premises, or was the owner of the whiskey. Shaw testified that he had rented the premises from the defendant, Ralph Henderson, but he could not remember how much rent he paid him for the premises. Shaw's testimony was further inconsistent in that he stated he had been in possession of the premises about ten days, and then later said he had been in possession of it 35 days. The conflicting nature of the evidence offered by the State to establish the search and the seizure, the defendant's admission in relation to his possession of the Liquor Stamp, and the unreliable nature of Shaw's testimony, created an issue of fact for the determination by the jury. Defendant's admission that he possessed a Federal Liquor Dealer's Stamp, under the provisions of 37 O.S.1951 § 81, constituted prima facie evidence of his intention to violate the provisions of Title 37. Bishop v. State, 90 Okl.Cr. 410, 214 P.2d 971. The evidence was entirely sufficient to sustain the jury's finding of defendant's guilt, and the penalty imposed.

It is contended by the defendant that the trial court erred in refusing to give his requested Instruction No. 1, directing the jury to fix the punishment in case they found the defendant guilty. Under the circumstances which prevailed, the trial court's refusal so to do is harmless error, in view of the fact that the jury did find the defendant guilty and did fix his punishment.

The defendant likewise complains that the Court's Instruction No. 5, on the

matter of possession of more than one quart of intoxicating liquor being prima facie evidence of intent to sell, etc., said intoxicating liquor, did not meet the requirements of the law. The defendant does not attempt to point out wherein the said Instruction is erroneous. An examination of the Instruction discloses it to be in substantial compliance with the law, as laid down in Savalier v. State, 85 Okl.Cr. 87, 185 P.2d 476. Hughes v. State, 85 Okl.Cr. 25, 184 P.2d 625; Id. 85 Okl.Cr. 35, 184 P.2d 630; Id. 85 Okl.Cr. 37, 185 P.2d 236; Id. 85 Okl. Cr. 39, 185 P.2d 238.

For all of the above and foregoing reasons, the judgment and sentence herein imposed is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.