Oma Lee WOLGRAM, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12178.

Criminal Court of Appeals of Oklahoma.

Sept. 14, 1955.

McFadyen & Pugh, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in Error, Oma Lee Wolgram, defendant below, was charged by information, in the County Court of Caddo County, with the offense of unlawful possession of Two One-half Pints of Cowtown Straight Kentucky Bourbon Whiskey; the offense was allegedly committed on or about the 20th day of May, 1954, within said County of Caddo, State of Oklahoma. The defendant was tried by a jury, convicted, and the jury left the punishment to the court; upon the recommendation of the County Attorney, the court imposed a penalty of a fine of $300, and 30 days in Jail; judgment and sentence was entered accordingly, from which this appeal has been perfected.

Briefly, the facts herein are, that officers, under authority of a valid search warrant, went to the defendant's premises to make a search. The search disclosed that there were Two One-half Pints of Whiskey hidden in a vacuum cleaner, behind the divan. Upon the discovery of the liquor, a young girl, according to the deputy sheriff's testimony, whom he guessed was the daughter of the defendant, was telling the defendant she was going to have to quit selling it. She further stated that maybe she could go to work, "and you can quit doing that then." To this statement, the officer testified, Mrs.

Wolgram was not heard to make an answer. The search continued, and the officers went into another room. The officer related that that was all he heard said, since he walked into the other room.

 The defendant relies upon the rule "it is error in the trial of a criminal case for the court to admit testimony as to declarations between officers who had accused, under arrest, the State's witness, or other persons, in the presence of the accused, tending to connect the accused with the offense charged, and where the accused remained silent as to such conversation, * * *." He cites, in this connection, Walker v. State, 80 Okl.Cr. 21, 156 P.2d 143. The record herein does not disclose that at the time this statement was made, that the defendant herein was under arrest, but we are of the opinion it would make no difference in the case at bar, for the reason that the record does disclose that the whiskey had already been discovered, and the defendant would be under what might be constructive custody. However, in the case at bar, this testimony would merely constitute harmless error, in view of the fact that in addition to being in unlawful possession of the whiskey, the defendant was also in possession of a federal retail liquor dealer's license, covering the time herein involved. The payment of the special tax, required of liquor dealers by the United States, by any person within this State, constitutes prima facie evidence of an intention to violate the provisions of the state's liquor laws, and is sufficient to sustain a conviction on a charge of unlawful possession. T. 37, § 81, O.S.1951. Fowler v. State, Okl.Cr.App., 257 P.2d 537; O'Hara v. State, Okl.Cr.App., 231 P.2d 705, wherein it was held that one pint of whiskey is sufficient to form a basis of prosecution for unlawful possession, where accused holds a current federal retail liquor dealer's license. Such has been the repeated holding of this Court. In Bishop v. State, 90 Okl.Cr. 410, 214 P.2d 971, the foregoing presumption was applied, in the absence of reasonable explanation of possession. To the same effect is, Gentry v. State, 85 Okl.Cr. 296, 187 P.2d 1010; Sparks v. State, 77 Okl. Cr. 428, 142 P.2d 377; Rhoads v. State, 12 Okl.Cr. 522, 159 P. 945; Walker v. State, 11 Okl.Cr. 339, 127 P. 895; Cahn v. State, 10 Okl.Cr. 200, 135 P. 1155, and numerous other cases.

No explanation appears in the record, as to the defendant's possession of the liquor. In view of the possession of both the intoxicating liquor, and the retail liquor dealer's license, the evidence of defendant's guilt is clear and convincing, and therefore, the admission of the testimony by the officers, as hereinbefore set forth, is harmless error. However, in view of the small quantity of liquor found, we are of the opinion that the judgment and sentence herein imposed is excessive, and that the same should accordingly be modified to $50, and 30 days in Jail and, so modified, the judgment and sentence are herein affirmed.

JONES, P. J., and POWELL, J., concur.