Ruben HATTENSTY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12529.

Criminal Court of Appeals of Oklahoma.

Jan. 29, 1958.

Alan B. McPheron, Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Ruben Hattensty, defendant below, was charged by information in the County Court of Bryan County, Oklahoma with the offense of unlawful transportation of intoxicating liquor in violation of 37 O.S.1951 § 1. He was tried to a jury, convicted, and his punishment fixed at thirty days in the county jail and a fine of $150. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

This case has been submitted on the record as made in the trial court under the provisions of rule 6 and rule 9 of the Criminal Court of Appeals, the defendant being in default of a brief.

Among the assignments of error complained of in this case is that the evidence is insufficient to support a conviction. We have examined the record and find that there is sufficient evidence to sustain the finding of the jury and the same will therefore not be reversed on appeal. Cardwell v. State, Okl.Cr., 293 P.2d 921. The defendant offered no evidence in his behalf.

The record discloses that in the testimony of Officer Haggard in the state's case in chief, he volunteered the information, "I have handled Mr. Hattensty before and since." It has been held that similar remarks may not constitute sufficient grounds for reversal where evidence of guilt is clear, but will be considered in connection with the contention that the punishment was excessive as tending to prejudice the defendant with the jury. Bishop v. State, 90 Okl.Cr. 410, 214 P.2d 971.

Complaint is further made that the introduction into evidence of a retail liquor dealer's license owned by the defendant constituted reversible error for the reason that in a transportation case the same did not go to the establishment of intent. This contention is without merit in view of the language contained in 37 O.S.1951 § 81, as follows:

"The payment of the special tax required of liquor dealers by the United States by any person within this State, except local agents appointed as hereinbefore provided, *shall constitute prima facie evidence of an intention to violate the provisions of this Chapter.*" (Emphasis supplied.)

It has been held in numerous cases construing the foregoing section of the Oklahoma Statutes that the purchase of the special United States liquor dealer's license is prima facie evidence of an intent thereafter to violate the prohibition law, or more specifically, the provisions of the chapter covering possession or transportation of intoxicating liquors, etc., in the State of Oklahoma. Deeds v. State, 4 Okl.Cr. 210, 111 P. 667; Etchison v. State, 7 Okl.Cr. 106, 122 P. 242; Greenwood v. State, 9 Okl.Cr. 342, 131 P. 940; Gentry v. State, 85 Okl.Cr. 296, 187 P.2d 1010; Bishop v. State, supra; Henderson v. State, Okl.Cr., 285 P.2d 866; Wolgram v. State, Okl.Cr., 288 P.2d 203; Curlee v. State, Okl., 309 P.2d 1064.

We have examined the record and find no fundamental error, but in view of the fact that Officer Haggard volunteered the foregoing statement in the state's case in chief which tended to reflect on the character of the accused without he having put the same in issue, justifies a modification of the judgment and sentence to a $50 fine and thirty days in jail, and as modified, the judgment and sentence is affirmed.

POWELL and NIX, JJ., concur.