Jack TREADWAY, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12645.

Criminal Court of Appeals of Oklahoma.

Dec. 17, 1958.

Rehearing Denied Jan. 14, 1959.

———◆———

Garrett & Garrett, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Jack Treadway, defendant below, was charged by information in the County Court of Muskogee County, Oklahoma, on December 16, 1957, with the offense of unlawful possession of seventeen bottles of assorted tax paid whiskey and gin. A jury having been waived, he was tried and found guilty by the trial judge. On such finding, he was sentenced to pay a fine of two hundred dollars and confinement in the county jail for sixty days. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

A search warrant for liquor was obtained for the search of rooms four, nine, and ten of the premises located at 326½ North Second Street in Muskogee, Oklahoma, said premises being the property of the defendant. The warrant was executed, but no liquor was found on the described premises. Rooms one, two, three, four, and five of these premises adjoin the roof of the premises at 324 North Second Street

on the south side. Room number four was not occupied at the time in question and rooms nine and ten were occupied by one Mattie Bell. No whiskey was found in any of the rooms searched. The premises to the south described as 324 North Second Street did not belong to the defendant. In room four, admittedly under the control of the defendant, there was found numerous pieces of paper lug wrappings. Just outside the window, below the window frame and not visible from the room looking out the window, on the roof of the adjoining premises was found the seventeen bottles of whiskey and gin. Under these conditions, the search warrant as to the liquor seized was invalid since it did not correctly describe the premises where the liquor was found. But, the defendant could not complain since the liquor seized was not found on premises controlled by him, but on the premises of a third party.

Another controlling feature of the case at bar is that the defendant had a Federal Retail Liquor Dealer's License, which, under the provisions of 37 O.S.1951 § 81, constitutes prima facie evidence of an intention to violate the liquor laws of the State of Oklahoma. Bishop v. State, 90 Okl.Cr. 410, 214 P.2d 971.

Moreover, according to the testimony of a deputy sheriff in relation to a conversation occurring at the time of the search between the defendant and the County Attorney, Joe Cannon, it appears that "Jack told Joe that he had been hit hard and didn't have much whiskey, that we found it all and there was no point in looking in the staches he had around there because there was not whiskey in them. He said, 'You have found it all.'" The defendant at no time denied he made such a statement to Mr. Cannon and it stands undisputed. There is ample circumstantial evidence when considered with this undenied admission to connect the defendant with the liquors in question.

This case is controlled by the rules applied in Micklick v. State, Okl.Cr., 285 P.2d 462, 463, syllabi four and five:

"The constitutional provisions guaranteeing one immunity from unlawful search and seizure belongs only to the person, effects and premises whose property is searched, and one accused will not be heard to object that the search of the property or premises of some third person is a violation of his constitutional rights.

"Where a jury is waived and a case tried to the court, his findings as to the guilt of the defendant will not be reversed where there is any competent evidence in the record, together with the reasonable inferences and deductions to be drawn therefrom, supporting the court's findings."

The judgment and sentence is accordingly affirmed.

POWELL and NIX, JJ., concur.