**Eddie Lee TURNER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17646.**

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1972.

Almon E. Henson, Shawnee, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Eddie Lee Turner, hereinafter referred to as the defendant, was charged, tried, and convicted in the District Court of Pottawatomie County, Oklahoma for the offense of Robbery with Firearms, After Former Conviction of a Felony; his pun-ishment was fixed at twenty-five (25) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Jerry Austin testified that on December 4, 1971, he was employed as the store manager of Pratt Foods in Tecumseh, Oklahoma. At about 7:30 p. m. a man, whom he identified in court as the defendant, approached him at the check stand and pulled a pistol. Defendant stated, "Okay, I want all your money. * * * Don't try anything funny, there's a man at the door with a shotgun." (Tr. 88) Co-defendant, Thomas Royal, who was observed standing near the door, opened his coat and slightly raised a sawed-off shotgun. He and other employees emptied the contents of the cash registers and the safe into a sack; a total of $1,555.82 was taken.

Co-defendant Royal stated, "You got enough money, let's get out of here." (Tr. 93) The employees were then ordered to the back of the store and then the defendant and co-defendant Royal left.

Mike Craig testified that he was employed at the grocery store on the evening in question. He identified the defendant as the person that produced a shiny pistol and robbed the store. Craig testified that he was standing three or four feet from the defendant.

Russell Wilsie and Joe Stasyszen testified that they were also employed at Pratt Foods. Their testimony did not differ substantially from the prior witnesses' testimonies. They both identified the defendant as one of the persons that robbed the store.

Ronnie Austin, age 10, testified that he was in the store that evening with his father. He identified the defendant as the person that pointed a pistol and stated, "I want all your money. Get it out right now." (Tr. 141)

Trooper Whitehead testified that he stopped the defendant on December 10, 1971, at the west edge of the city limits of Lawton. He identified State's Exhibit One as a pistol that was found in the de-

fendant's car. Defendant was placed under arrest and taken to the Comanche County Jail. Defendant had in his possession a motel room key. He and other officers went to the motel room and upon gaining entry found two Polaroid pictures on a night stand. The room was occupied by the younger brother of the codefendant Royal. Co-defendant Royal was arrested in the next-door room and the sawed-off shotgun was recovered from the room.

Other officers testified concerning the chain of custody of the exhibits.

Bill. Holt, Agent with the Oklahoma Bureau of Investigation, and Sheriff Phillips testified that on January 10, 1972 they transported the defendant and the co-defendant Royal by car to Shawnee. During the trip the defendants began to have a conversation, and Holt advised them of their constitutional rights. As they approached Tecumseh, both the defendant and Royal spoke up and stated, "Yes, we've been here before." Defendant Royal began to laugh, and he was asked what he was laughing about; Royal stated, "Well, something funny happened. There was a little boy in there, and his eyes got about that big * * *." (Tr. 176) Defendant stated that the little boy was scared. Defendant then stated, "I understand we missed a lot of money in there, and can you tell us how much." Defendant further stated, "Well, I'll tell you one thing, it was not in the safe, because that safe door was unlocked, and I opened it up and looked in it and there wasn't no money in it." (Tr. 178)

The defendant did not testify, nor was any evidence offered in his behalf.

The sole proposition asserts that the trial court admitted incompetent testimony which was highly prejudicial to the rights of the defendant. During the direct examination of Trooper Whitehead the following occurred:

"Q. And what did you do then after you found the key to the motel room?

"A. Well, when we got back the record check that the subject in question was a wanted felon and that warrants were outstanding on him—" (Tr. 149–150)

We are of the opinion that the answer constituted an "evidentiary harpoon" condemned by this Court time after time. In a similar case, Hattensty v. State, Okl.Cr., 321 P.2d 710, a police officer made a statement to the effect that "'I have handled Mr. Hattensty before and since.'" In that case, we stated:

"It has been held that similar remarks may not constitute sufficient grounds for reversal where evidence of guilt is clear, but will be considered in connection with the contention that the punishment was excessive as tending to prejudice the defendant with the jury."

Defendant next argues that the court erred in allowing the introduction of the Polaroid pictures taken from the defendant's motel room. This is a close question which, because of the overwhelming evidence of the defendant's guilt and the lack of prejudice shown, we do not deem necessary to discuss in this opinion. The jury found the defendant guilty in the first stage, but was unable to agree on the punishment in the second stage. The sentence of twenty-five (25) years was imposed by the trial court. It is thus apparent that the jury could not have been prejudiced by the "evidentiary harpoon" and the admittance of the two photographs. The judgment and sentence is, accordingly, affirmed.

BLISS and BRETT, JJ., concur.