**Cecil Eugene HARDIN, William David Platt, and John Wigley, Plaintiffs in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14588.**

Court of Criminal Appeals of Oklahoma.

Nov. 12, 1969.

George W. Gay, Oklahoma City, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., H. L. Mc-Connell, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The Plaintiffs in Error were charged by information in the Court of Common Pleas of Oklahoma County with the crime of Aggravated Assault. They were tried before a jury, found guilty and assessed defendant's with a fine of $250.00.

■■■■■ The chief complaint of defendant's regard the admission of other offenses which defendant's claim constitute reversible error. The alleged error arose during cross-examination of defendant Piatt by the State's Attorney, and in the following manner:

"Q. Have you been in any fights?

MR. GAY: Object as incompetent, irrelevant and immaterial.

THE COURT: Overruled.

A. Yes, I have been in a fight.

Q. How many fights have you been in?

A. I couldn't tell you; I don't know.

Q. Is it a great number?

A. No.

Q. One or two?

A. Yes.

Q. Are you sure?

A. Yes.

Q. When were those fights?

MR. GAY: Object as incompetent, irrelevant and immaterial.

THE COURT: Overruled.

A. When I was fourteen—going to grade school. I couldn't tell you when.

Q. Sometime ago—that's the last time you have been in a fight?

A. Yes.

Q. How old are you?

A. Seventeen.

Q. You had a fight on August 27, 1966?

MR. GAY: Object as incompetent, irrelevant and immaterial and improper cross-examination.

THE COURT: Overruled.

MR. GAY: Exception.

Q. (By Mr. Fleming) At 5 Northwest 27th?

(No response by the witness.)

THE COURT: What was your answer to that question?

A. What question?

Q. (By Mr. Fleming) Were you in a fight on August 27, 1966?

A. I don't remember.

Q. You think if you had been in a fight on that date, you would have remembered it?

A. No.

Q. You wouldn't remember it if you had been in a fight on that date?

A. No.

Q. Were you in a fight on June 18, 1965?

A. I can't remember.

Q. You can't remember that either? How about August 13, 1965? You can't remember that?

A. (No response by the witness.)

THE COURT: You will have to speak up. We can't take down a nod of the head.

A. I don't remember.

MR. GAY: May I object to all these questions and ask for an exception?

THE COURT: Very well, Mr. Gay.

Q. (By Mr. Fleming) Were you in a fight on December 26, 1964?

A. I don't remember.

MR. GAY: Same objection.

Q. (By Mr. Fleming) You don't know?

A. No, sir.

Q. Was his name Orville Tate? Do you know that name?

A. Yes.

Q. You know Orville Tate?

A. Yes.

Q. Were you in a fight with him on that date?

A. Yes.

Q. You do remember that fight?

A. Yes, I remember it.

Q. How about November 13, 1963?

THE COURT: You are going back too far, Mr. Fleming."

It is the opinion of this Court that this was most improper and defendant's objection to said questions should have been sustained as this Court has so often said, and so consistently repeated there are more errors committed by admission of other offenses than in other causes. The rule is simple and well-enunciated in Roulston v. State, Okl.Cr., 307 P.2d 861:

"* * * that when a defendant is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial is inadmissible."

In the instant case, the Assistant District Attorney stated: "The evidence was offered to show a common scheme or plan and to connect the defendant with the tools."

The Court fails to see the connection and is of the opinion that said testimony was introduced for the purpose of prejudicing the defendant's and to show the reputation of defendant before it had been put in issue.

This Court stated in the case of Bunn v. State, 85 Okl.Cr. 14–21, 184 P.2d 621–624:

"There have been many instances of abuse of this exception to the general

rule above noted. The abuse of this rule has caused the reversal of more cases on appeal to this court in recent years than that of any other one matter."

"The court has repeatedly held that this exception and other exceptions to the general rule are to be used with the utmost caution and that the court must perceive a visual connection and in case any doubt is entertained, it is to be resolved in favor of defendant. The exception to the general rule is not secondary to the rule and before evidence of other crimes can be competent or admissible in a criminal trial to prove the specific crime charged on the grounds of common scheme or plan, the two or more crimes must be so clearly related that the proof of one tends to establish the other and should never be admitted when it tends to show that the accused has committed other crimes wholly independent of that for which he is on trial."

For the above reasons and in accordance with the foregoing decisions the judgment and sentence is hereby Reversed and Remanded for a new trial in line with this opinion.

Reversed and remanded for a new trial.

BRETT, P. J., and BUSSEY, J., concur.