**Bennie Carl GREEN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15472.**

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Bennie Carl Green, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, for the offense of Larceny of an Automobile, After Former Conviction of a Felony; his punishment was fixed at fifteen years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that on February 2, 1969, Reba Kay Fields went to Missouri, leaving her 1963 Valiant automobile parked at her residence in Oklahoma City. Her husband had her permission to use the car, but she did not give her permission to let anyone else use the automobile. She learned, on February 3rd, that the car was missing.

Joe Fields, Reba's husband, testified that he met the defendant at a pool hall on February 1, 1969. The following day he played pool with the defendant and took the defendant to his residence to eat, parking his wife's car in the driveway. The defendant went into the bathroom and shortly thereafter a fire broke out in the bathroom. During the resulting excitement he saw the defendant backing his wife's car out of the driveway. He did not see the defendant again. He testified that he did not give the defendant permission to drive the car.

Captain Banister, of the Altus Police Department, testified that on February 11, 1969, he observed the 1963 Valiant parked crosswise in the street. The defendant was passed out, or asleep, in the automobile.

The defendant did not testify, nor was any evidence offered in his behalf. The former convictions were stipulated to.

The defendant's sole proposition asserts that prejudicial error resulted from the jury's hearing evidence of defendant's previous jail record. During the direct examination of Captain Banister, the following occurred:

"Q. I will ask you if you know the defendant here, Bennie Carl Green?

A. Yes Sir, I do.

Q. How long have you known him?

A. I've known Mr. Green approximately seven or eight years.

Q. Where have you known him from— I mean, where have you seen him?

A. Helped confine Mr. Green several times in the County Jail.

MR. JORDAN: Your Honor, I would certainly object to that and ask for a mistrial at this time.

THE COURT: That answer will be stricken from the record not to be considered by the jury." (R 28)

The defendant contends that the answer constituted an "evidentiary harpoon" condemned by this Court time after time. In a similar case, Hattensty v. State, Okl.Cr., 321 P.2d 710 (1958), a police officer made a statement to the effect that: "I have handled Mr. Hattensty before and since." In that case, we stated:

"It has been held that similar remarks may not constitute sufficient grounds for

reversal where evidence of guilt is clear, but will be considered in connection with the contention that the punishment was excessive as tending to prejudice the defendant with the jury."

In the instant case we are of the opinion that the evidence of guilt is crystal clear. The defendant was observed driving the car from the driveway following the unexplained breaking out of a fire in a room he had just left, and was arrested in the automobile nine days later in Altus.

It has been the practice of this Court that in cases involving "evidentiary harpoons" where guilt hangs fairly close in the balance, to grant a new trial, while in cases where guilt is strongly established and a new trial would undoubtedly result in conviction, this Court will reduce the sentence.

We are of the opinion that justice would best be served by modifying the judgment and sentence to a term of ten (10) years imprisonment, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, J., concurs.

NIX, J., not participating.