George Arthur **BRIGGS** and Larry Joe Humphrey, Plaintiffs in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16395.

Court of Criminal Appeals of Oklahoma.

May 5, 1971.

Curtis A. Parks, Public Defender, for plaintiffs in error.

Larry Derryberry, Atty. Gen., Paul Crowe, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

George Arthur Briggs and Larry Joe Humphrey, hereinafter referred to as Defendant Briggs and Defendant Humphrey, were charged, tried and convicted in the District Court of Tulsa County of Attempted Burglary in the Second Degree, their punishment was fixed at three years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial adduced that on June 21, 1970, Frank Fitterman was a part owner of a jewelry store located at 115 S. Cincinnati in Tulsa. He testified that he secured the premises at 5:20 P.M. and went home. He received a call from his alarm service at approximately 9:00 P.M. He returned to the store and discovered the rear steel door open and a padlock was removed. He observed a crowbar lying just inside the door. He testified on cross examination that there had been false alarms in the past few years.

Officer Boston testified that he received a call to go to the jewelry store a few minutes after nine and found the back entrance to the premises in the condition described by witness Fitterman. He viewed the scene and proceeded down the alley. He observed a person whom he identified as defendant Humphrey standing flush against the wall at the end of the alley. He placed him under arrest and took him back to the police car. The officers K–9 dog ran down the alley wherein he observed defendant Briggs crouched down behind a can. Defendant Briggs dropped a claw hammer as he stood up. He arrested Briggs and placed him in the police car. Defendant Humphrey informed the officer that they were in the alley drinking wine. He checked the alley and could not find a

wine bottle. He asked defendant Humphrey to show him the bottle they had been drinking and the defendant pointed out an empty bottle. The officer testified that in his opinion the bottle was old and had no odor to it. He could not detect an odor of alcohol about the defendants and both appeared to be completely sober.

Officer Hall testified that as he approached the alley Officer Boston had apprehended defendant Humphrey. He remained at the car and observed Officer Boston apprehend defendant Briggs. The officer brought defendant Briggs to the car and was carrying a hammer.

Defendant Briggs testified in his own behalf that he was with defendant Humphrey on the evening in question and that they were in fact in the alley drinking wine. The officer arrived and found defendant Humphrey and took him to the police car. The officer's dog ran up to him and he was arrested. He denied having a hammer and testified that there were several liquor bottles in the area. He denied breaking into the building. He admitted a prior conviction for second degree burglary.

Defendant Humphrey testified substantially to the same facts as defendant Briggs. They were in the alley drinking wine and did not break into the building. He admitted a prior conviction for first degree burglary.

The first proposition contends that the verdict is not sustained by sufficient evidence and is based entirely upon circumstantial evidence. The evidence revealed that the defendants were arrested in the immediate vicinity of an attempted burglary within minutes after the burglar alarm was set off. The defendants' explanation of their presence, that they were in the alley drinking wine, was not believed by the jury. In Wing v. State, Okl.Cr., 280 P.2d 740, we stated:

"We have carefully read the entire record and find that though defendant's conviction came about by circumstantial evidence, that the conviction rests on

evidence of circumstances from which a reasonable and logical inference of defendant's guilt clearly arises and which excludes any reasonable hypothesis except guilt, and though the evidence is conflicting, under such circumstances, the verdict of conviction will not on appeal be disturbed on the ground of insufficiency of evidence."

We are of the opinion that there is competent evidence in the record from which the jury could reasonably conclude that defendants were guilty as charged notwithstanding the conflicting evidence. We, therefore, find this proposition to be without merit.

The final proposition asserts that the prosecuting attorney improperly cross-examined the defendant Briggs concerning arrests and crimes with which the defendant may have been only charged with committing. The record reveals that this line of questioning was originated by the defendants' attorney on direct examination where he was asked: "Mr. Briggs have you ever had any trouble, other trouble, with the law?" The defendant started to explain the background of a previous conviction wherein he was interrupted by the Court. His attorney then asked: "Please just state the formal charges that have been against you in the past?" The defendant then stated that he had been convicted of second degree burglary (CM 95). The defendant was asked on cross examination if he had ever been convicted of any other crime and he answered in the negative. The prosecuting attorney thereafter asked the defendant if he had been charged and arrested for other offenses. There were no objections made to the questions.

 It is the well established rule of law of this State that it is improper for the prosecution to attempt to show that the defendant had been charged or arrested for other charges. Dupree v. State, 10 Okl.Cr. 65, 134 P. 86 (1913). In the case at bar the defendant's attorney not only first asked the questions that the defend-

ants now complain were improper but did not object when the same line of questioning was continued by the prosecuting attorney. This court does not condone the acts of defense counsel in "laying behind the log" by asking improper questions and then raising the complaint for the first time on appeal that the prosecuting attorney reasked the same questions. We are of the opinion that the error was invited by the defendant and further that the defendant did not properly preserve the record by timely objecting to the improper questions. We, therefore, find this proposition to be without merit.

In conclusion we observe that the record is free of any error that would justify modification or reversal, the punishment imposed is within the range provided by law and under such circumstances we are of the opinion that the judgment and sentence should be and the same is hereby Affirmed.

NIX and BRETT, JJ., concur.