**John Wesley DAVIS, a/k/a John Wesley Davison, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16730.**

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

John Wesley Davis, hereinafter referred to as defendant, was charged, tried, and

convicted in the District Court of Oklahoma County for the offense of Carrying a Concealed Weapon, After Former Conviction of a Felony. His punishment was fixed at eight years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Irwin of the Oklahoma City Police Department, testified that on October 22, 1970, he was on patrol at 4:30 a. m.; he stopped a car in the 1200 Block of South Robinson in Oklahoma City, because of no light to illuminate the license tag. As the car stopped, he saw the driver stoop over, as if pushing something under the seat. Defendant was the driver, and stated that he had no driver's license. Irwin observed a partially consumed bottle of vodka between the driver and front passenger seats. He also observed what appeared to be a pistol handle sticking from under the front seat. It turned out to be a nine shot caliber .22 revolver.

The defendant testified that he did not know the pistol was in the car; he had been in Tulsa and just returned about 11:30 the night he was arrested. While defendant was gone, he left his car in his garage in the 700 Block of Northwest Second Street, and left the keys under the floor mat so that his friends could drive it if they wished. Defendant admitted to six previous Felony convictions.

On rebuttal, Officer Kerlick, Oklahoma City Police Department, testified that on October 22, 1970, he interrogated the defendant in the Oklahoma City Jail. After advising defendant of his Miranda rights, Kerlick told the defendant that when the pistol was stolen, defendant was living across the hall, and that the owner suspected defendant of stealing it, to which defendant replied that he did not steal the gun, but he knew the person who did. The defendant said he bought the pistol from the thief. The defendant's first proposition asserts that improper and prejudicial evidence was introduced. The Record reflects that the Assistant District Attorney questioned the arresting officer on re-direct examination as follows:

"Q. Was there anything else unusual about the vehicle as you stopped it?

"A. Yes, sir, it was on our daily crime sheet, we call it, or wanted list— the automobile and a person by the same name.

"Q. The same name as this defendant?

"A. The car fitting this description, yes, sir."

(Tr. 16)

■ Defendant contends that this line of questioning constituted an "evidentiary harpoon" condemned by this Court time after time. We concur with the contention of the defendant that such line of questioning was, in fact, improper. In the recent case of Green v. State, Okl.Cr., 481 P.2d 805, we stated:

"It has been the practice of this Court that in cases involving 'evidentiary harpoons' where guilt hangs fairly close in the balance, to grant a new trial, while in cases where guilt is strongly established and a new trial will undoubtedly result in conviction, this Court will reduce the sentence."

■ The final proposition asserts that improper questions were asked of the defendant concerning his time credits. On cross-examination of the defendant, the prosecution questioned him about his previous convictions, and how much time defendant had actually served on each. It was thus established that the defendant served fourteen months and twenty-five days on a two-year previous conviction, that he served two years, three months on a four-year conviction, and that he served four and one-half years on an eight-year conviction. Defendant argues that this line of questioning circumvents the rule established by this Court in Williams v. State, Okl.Cr., 461 P.2d 997, wherein we held it was error to instruct the jury concerning good time credits. We are of the opinion that such questions as to time actually

served on previous convictions are highly improper.

In conclusion, we observe that the defendant's guilt is strongly established, and thus, the errors committed do not require reversal, in that a new trial would undoubtedly result in conviction. We conclude that justice would best by served by modifying the judgment and sentence to a term of five years imprisonment, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, J., concurs.

NIX, Judge (dissenting).

There were too many errors, in this case, of a prejudicial nature, for the defendant to have that kind of a fair and impartial trial as guaranteed him under the Constitution. I am of the opinion it should be reversed.