Edward McCOY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16258.

Court of Criminal Appeals of Oklahoma.

Feb. 2, 1972.

D. C. Thomas, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Edward McCoy, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Logan County for the offense of Grand Larceny; his punishment was fixed at one year and nine months (1 year and 9 months) imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Leonard Simpson testified that he was the lessee of a Texaco Service Station located five miles south of Guthrie, Oklahoma on Interstate 35. On February 28, 1970, he opened the station for business at approximately 8:00 o'clock a.m., by checking out the previous day's receipts, taking out the money, and leaving $50.00 in the register with which to make change. He further cleared off the register tape and started the day with a new tape. He turned the station over to an employe, Billy Frosch, and returned home. Later that day, he received a telephone call from Frosch, and returned to the station. Upon checking the cash on hand, taking meter readings, and checking the cash register, he determined that the station was $40.00 short as to the cash on hand.

Billy Frosch testified that on the day in question he was working as an attendant at the Simpson Service Station. In the early afternoon, the defendant and a co-defendant, Harold Rogers, and two other persons, drove into the station. Frosch was selling another customer some pastries, when the defendant and Rogers walked into the station. He was requested to check the oil of their vehicle. Frosch rang up a thirty-cent sale on the register for the pastries, and he and Rogers left the station office to check the oil of their vehicle, leaving the defendant at the door of the station. Upon finding that the oil was a quart low, he inquired of Rogers if he wanted some oil put in; Rogers replied that he would have to ask the defendant. He walked over to the station, asked the defendant if he wanted some oil, and the defendant replied, "Yes." Frosch procured some oil from a rear room, went back outside, put the oil in the car, and checked the air in the tires. He returned to the station, where the defendant gave him a dollar for the oil, which was priced at sixty-six cents. He rang up the sale on the cash register, and was surprised when the cash register drawer came flying out. He looked at the tape and observed two unaccountable entries had been placed on the tape between the thirty-cent sale for the pastries and the sixty-six cent sale of the oil. Upon closer inspection of the cash register, he noted that the large bills were missing from the cash register. As the defendants drove away, he recorded

the tag number of their vehicle. A description of the vehicle and the occupants was subsequently given to the authorities.

Detective Armstrong of the Stillwater Police Department testified that on the afternoon in question he was working on another case with Deputy Sheriff Cargill of Logan County. Upon receiving a radio message, they proceeded to the service station, and after a conversation with Frosch, they obtained descriptions of the suspects.

Deputy Cargill testified that he answered a call at the Simpson Service Station on the afternoon in question. After obtaining a description of the vehicle and its occupants, he and the Stillwater officers began searching for the vehicle. He discovered the described vehicle parked and unoccupied on Second Street in Guthrie. He and other officers conducted a search in the vicinity of the parked car, attempting to locate the parties previously identified by Frosch, but with negative results. A wrecker was called to impound the vehicle, whereupon the defendant Rogers came from across the street, and said, "Hey, what are you doing with my car?" When asked where his friends were, Rogers motioned in the direction of the second subject, whom Cargill identified as the defendant. The defendant, Rogers, and the two other occupants of the vehicle, were placed under arrest. As the subjects were being booked into jail, one of the subjects stated that his billfold was in the seat of the car. Then Rogers said, "Well, my money is in the trunk, and I want my money." Rogers handed the car keys to deputy Cargill, and Cargill then proceeded to the car location and upon opening the trunk, found three Twenty Dollar bills and two Ten Dollar bills folded between two spare tires.

The defendant testified that on the afternoon in question, he was with Albert Burleigh, Ida Lewis, and Harold Rogers. The oil light on Rogers' vehicle came on, and they stopped at the service station. He testified that he and Rogers went into the office and looked at the lunch meat.

They walked back to the vehicle, and the attendant checked the oil. Defendant testified that at no time was he alone in the office of the station, and he denied any knowledge of anyone touching the cash register, or taking any money. They drove to Guthrie and went into a restaurant to eat. Some police officers came into the restaurant and someone stated that the car was being towed away. They went outside, and were placed under arrest by the officers. Defendant stated that he was employed at the Presbyterian Hospital, and had been paid the day prior to the incident. He admitted a prior conviction for forgery.

■ The first proposition asserts that the trial court erred in overruling defendant's Demurrer at the close of the State's opening statement. Defendant argues under this proposition that the District Attorney failed to outline in his opening statement that the venue of the offense was in Logan County. We are of the opinion that this proposition is patently frivolous. We have previously held that the purpose of the opening statement to the jury is to advise the jury concerning questions of facts to be submitted to it, so as to prepare the jurors' minds for the evidence which is to be heard. Ragland v. State, Okl.Cr., 404 P.2d 84. We further observe that the first witness, Leonard Simpson, testified that his service station was located five miles south of Guthrie on Interstate 35, at the intersection of Steward Road in Logan County.

■ The next proposition contends that the court erred in overruling the defendant's motion to dismiss the motion for directed verdict at the close of the State's evidence in chief, and at the conclusion of all the evidence. Defendant argues under this proposition that the defendant was unlawfully arrested, and that the resulting search and seizure was likewise unlawful. We cannot agree with the defendant's contentions. The evidence reflects that Officer Cargill had knowledge that a crime had been committed, and had a description, in-

cluding the tag number of the vehicle, and of the occupants therein. Upon observing the vehicle parked, and attempting unsuccessfully to locate the occupants, the Deputy Sheriff ordered the car impounded. Defendant was placed under arrest after the officer observed that he matched the description furnished by Frosch. We next observe that the evidence is uncontradicted that the co-defendant, Rogers, requested the Deputy Sheriff to get his money from the trunk of his vehicle, and handed him the car keys. This is apparent from the cross examination of Deputy Cargill, wherein the following transpired:

"Q. And he had to tell you what part of the automobile it was in, didn't he?

"A. Well, he did.

"Q. So they didn't try to conceal anything from you as far as money is concerned, did they, Sir?

"A. No, Sir.

"Q. As a matter of fact, you advised them of their rights and told them they didn't have to say a thing before they ever said that, didn't you?

"A. Yes, Sir.

"Q. And even after that they gave you the keys to the automobile which was locked, *which, in effect, was the waiver of a search warrant,* and told you to go over there and get their money for them, didn't they?

"A. Yes, Sir." (Emphasis Added) (Tr. 105–106)

We are of the opinion that Officer Cargill had probable cause to place the defendant under arrest, and that the search and seizure was not illegal. We further observe that the money taken from the trunk in the car was not introduced into evidence, nor was there any objection to the officers' testimony concerning the finding of the money.

The final proposition asserts that "error of the court in overruling defendant's demurrer to the State's evidence and the defendant's motion for directed verdict at the close of State's evidence in chief and at the conclusion of all the evidence and in admitting incompetent, irrelevant, immaterial and prejudicial evidence." Defendant first argues under this proposition that the State failed to prove each and every element of the crime of Grand Larceny beyond a reasonable doubt. We need only to observe that the trial court properly instructed the jury as to the material elements of the offense of Grand Larceny, and further, instructed the jury as to circumstantial evidence. In dealing with a similar proposition in the recent case of Briggs and Humphrey v. State, Okl.Cr., 484 P.2d 1315, we stated:

"The first proposition contends that the verdict is not sustained by sufficient evidence and is based entirely upon circumstantial evidence. The evidence revealed that the defendants were arrested in the immediate vicinity of an attempted burglary within minutes after the burglar alarm was set off. The defendants' explanation of their presence, that they were in the alley drinking wine, was not believed by the jury. In Wing v. State, Okl.Cr., 280 P.2d 740, we stated:

" 'We have carefully read the entire record and find that though defendant's conviction came about by circumstantial evidence, that the conviction rests on evidence of circumstances from which a reasonable and logical inference of defendant's guilt clearly arises and which excludes any reasonable hypothesis except guilt, and though the evidence is conflicting, under such circumstances, the verdict of conviction will not on appeal be disturbed on the ground of insufficiency of evidence.' "

We are of the opinion that in the instant case there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, notwithstanding the conflicting evidence.

The defendant lastly contends under this proposition that the trial court erred in not instructing on the issue of the

possible legitimate ownership by defendant Rogers of the $80.00 found in the trunk of said automobile. The Record does not reflect that the defendant objected to the Instructions, nor does it reflect that the defendant requested additional Instructions. As stated in Schapansky v. State, Okl.Cr., 478 P.2d 912, the Court of Criminal Appeals has consistently held:

> " 'Where counsel is not satisfied with instructions that are given, or desires court to give any particular instruction, or to more definitely or sufficiently state any propositions embraced in instructions, it is the duty of counsel to prepare and present to the court such desired instructions and request that it be given, and in absence of such request [Court of Criminal Appeals] will not reverse case if instructions generally cover subject matter of inquiry.' "

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is, accordingly, affirmed.

BRETT, and SIMMS, JJ., concur.