Luther BRINGINGOOD, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18163.

Court of Criminal Appeals of Oklahoma.

April 13, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Luther Bringingood, Jr., Appellant, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–585, for the offense of Carrying a Firearm After Former Conviction of a Felony, his punishment was fixed at seven (7) years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Officer Ercanbrack, of the Oklahoma City Police Department, testified that on the morning of March 12, 1972, he was called by his superior, Sergeant Hill, to meet him at 6th and Walnut. He and his partner, Officer Carruth, proceeded to the location and observed a blue Chevrolet occupied by a male and female. Two males, one of whom he identified as defendant, were standing outside the vehicle. He stood by the defendant while Sergeant Hill and Carruth attempted to get the female out of the vehicle. He observed the defendant put his left hand into his pocket and "protruded an object forward" towards Officers Hill's and Carruth's backs. He grabbed the defendant's pocket and determined the object to be a small revolver. He lunged against the defendant and they both fell to the ground. As he was falling, he grabbed the pistol from defendant's pocket. The pistol was a small six-shot Rome .22 calibre pistol, fully loaded with six rounds of hollow point ammunition. Defendant was arrested for having the pistol and the others were arrested for being intoxicated.

Officer Carruth's testimony did not differ substantially from the testimony of Officer Ercanbrack. Carruth had his back turned toward defendant and looked around after hearing Ercanbrack yell, at which time he saw Ercanbrack pull the pistol from defendant's pocket. The defendant testified that he had been drinking that morning and wound up at the Tip Top Cafe at 6th and Walnut. He had earlier gotten the pistol from his cousin to use as security for a loan and then left it with his sister at a bar at 1st and Central. That morning he obtained the pistol from his sister at the bar and gave it to Clara Limpkey (one of his companions) to carry for him, knowing that if he got caught with it he would be charged. The defendant was awakened by Sergeant Hill knocking on the car window. Defendant got out and Sergeant Hill "shook me down" (Tr. 27). He was standing by the police car when he put his hand in his coat pocket and withdrew an object that he saw was a pistol. Ercanbrack grabbed his arm. Defendant denied knowing that the pistol was in his pocket. In rebuttal Sergeant Hill testified that he did not search anyone until after the pistol had been taken from the defendant. The previous conviction was stipulated.

The sole proposition asserts that improper questions were asked concerning time served. This proposition is well taken. The record reflects that during cross-examination the following transpired:

"Q. Uh-huh. Mr. Bringingood, you testified you had been in some trouble before. In fact, in 1965 you got five years for assault with intent to kill, is that right?

"A. Yes, sir.

"Q. And then in 1958 you went to McAlester for assault with intent to kill; five years?

"A. That was the same charge.

"Q. That was the same charge. And you were discharged in—for that five years, in 1960, is that right?

"A. Yes.

"Q. You went back in 1958?

"A. Yes, sir.

"Q. You got out for the five years in 1960?

"A. Yes, sir.

"Q. And in June?

"A. June 18, to be exact.

"Q. And you went right back to the penitentiary with assault with intent to kill and didn't get out then until August or September, is that right?

"A. No, sir.

"Q. All right. That's not right. And Mr. Bringingood you have—in 1964 you got three years and six months, in December of 1964, you got three years and six months for grand larceny, another felony, is that right?

"A. Yes, sir.

"Q. And then in December two years later, in December of 1966 you got one year for receiving stolen property, another felony, isn't that right?

"A. Well, I don't remember the date. I think it was in—if I'm not mistaken it was in '65.

"Q. Okay. So a year later you got that?

"A. Yes.

"Q. And then in 1968, again in 1968, December of 1968, you were convicted of carrying a concealed weapon, after a former conviction of a felony right here in this courtroom before Judge Parr and got seven years, isn't that right?

"A. Yes, sir." (Tr. 30–32)

In dealing with a similar proposition in Davis v. State, Okl.Cr., 489 P.2d 789 (1971), we stated:

"The final proposition asserts that improper questions were asked of the defendant concerning his time credits. On cross-examination of the defendant, the prosecution questioned him about his previous convictions, and how much time defendant had actually served on each.

It was thus established that the defendant served fourteen months and twenty-five days on a two-year previous conviction, that he served two years, three months on a four-year conviction, and that he served four and one-half years on an eight-year conviction. Defendant argues that this line of questioning circumvents the rule established by this Court in Williams v. State, Okl.Cr., 461 P.2d 997, wherein we held it was error to instruct the jury concerning good time credits. We are of the opinion that such questions as to time actually served on previous convictions are highly improper."

In conclusion, we observe that the defendant's guilt is overwhelming and, thus, the errors committed do not require reversal, in that a new trial would undoubtedly result in conviction. We are of the opinion that justice would best be served by modifying the judgment and sentence to a term of five (5) years imprisonment and as so modified the judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.