No. 72-6784. Chase v. Oklahoma. Ct. Crim. App. Okla. Certiorari denied.

Mr. Justice Brennan, with whom Mr. Justice Douglas and Mr. Justice Marshall join, dissenting.

Petitioner was stopped by Deputy Sheriff James Leland Johnston for driving on the wrong side of the highway.

Petitioner and the passengers in his car then overpowered the deputy and took his .38-caliber service revolver. Using that gun, petitioner forced the deputy to drive to two different houses where the deputy was kicked and beaten. Petitioner finally released the deputy after taking his wallet. Petitioner was tried and convicted by a jury in Muskegee County, Oklahoma, for the offense of kidnaping for extortion and was sentenced to a term of 35 years' imprisonment. Subsequently, the State brought separate charges against petitioner for his possession of the deputy's service revolver. After a jury trial in Tulsa County, Oklahoma, petitioner was convicted for the offense of carrying a firearm, after former conviction of a felony (the former felonies were other than the kidnaping conviction), and sentenced to a term of 10 years' imprisonment. The Oklahoma Court of Criminal Appeals modified petitioner's term of imprisonment to five years, but otherwise affirmed the conviction, rejecting petitioner's claim that the second prosecution violated his constitutional protection against double jeopardy. See 509 P. 2d 171 (1973).

Although the charges of kidnaping for extortion and carrying a firearm, after former conviction of a felony, both arose out of the same transaction or episode, they were prosecuted by the State in separate proceedings. That, in my opinion, requires that we grant the petition for certiorari and reverse, for I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the States through the Fourteenth Amendment, *Benton* v. *Maryland,* 395 U. S. 784 (1969), requires the prosecution, except in extremely limited circumstances not present here, "to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring); see *Miller* v. *Oregon,* 405 U. S. 1047 (1972)

(Brennan, J., dissenting); *Harris* v. *Washington,* 404 U. S. 55, 57 (1971) (statement of Douglas, Brennan, and Marshall, JJ.); *Waller* v. *Florida,* 397 U. S. 387, 395 (1970) (Brennan, J., concurring).