**Marion E. BELK, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–74–11.**

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1974.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Marion E. Belk, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, of the crime of Carrying a Firearm, After Former Conviction of a Felony in violation of 21 O.S.1971, § 1283. His punishment was fixed at a term of ten (10) years imprisonment in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

At the time the defendant was arrested on March 20, 1973, he was seated in the driver's seat of a pickup truck. The two

arresting officers testified that as defendant dismounted, they saw a pistol, a .38 calibre revolver, lying in the seat where defendant had been sitting. The trial proceedings were bifurcated and in the second stage of the case, the State proved that the defendant had previously been convicted of a felony.

The defendant asserts in his sole proposition that evidence of a nonrelated offense was improperly admitted at the initial stage of the trial to his prejudice. The record reveals that defendant's counsel made a motion in limine that all evidence relating to the fact that defendant was an escapee from the State Penitentiary at the time he was arrested on the present offense be excluded. The trial court sustained that motion after a hearing outside the presence of the jury. Nonetheless, the record reflects that the arresting officer testified in the presence of the jury as follows:

"Q. (By Mr. Dennis) What did the dispatcher tell you to do?

"A. He told me that he had received information that there was a prison escapee—" (Tr. 29)

Following that statement, the court overruled the defense's motion for a mistrial, but admonished the jury that they must not consider the officer's statement relative to another offense. Following that, the direct examination proceeded as follows:

"Q. (By Mr. Dennis) What communication did you receive from your dispatcher?

"A. He told me to go to that location, that there was a prison escapee at that location—believed to be at that location.

"Q. Did he tell you what the people's name was?" (Tr. 30)

The defense's objection to this line of questioning was sustained and the questioning proceeded:

"Q. (By Mr. Dennis) Did the dispatcher tell you who this person was you were to be looking for?

"A. Yes, sir.

"Q. And what did he say his name was?

"A. Marion Belk." (Tr. 30)

There follows one further reference to defendant's escape from the penitentiary.

The defendant complains that such testimony constituted the "evidentiary harpoon" repeatedly condemned by the decisions of this Court. See e. g. Davis v. State, Okl. Cr., 489 P.2d 789 (1971); Green v. State, Okl.Cr., 481 P.2d 805 (1971); Wright v. State, Okl.Cr., 325 P.2d 1089 (1958). As we noted above, the instant case was tried in a two-stage proceeding with proof of defendant's prior conviction being offered only in the second phase of the trial. The Attorney General responds to defendant's contention by arguing that since the case should properly have been tried in a single stage with the defendant's conviction being proved during that stage as an element of the crime [1], the defendant should not be permitted to complain because evidence was introduced which merely permitted the jury to draw the inference of a prior conviction.

The flaw in the State's reasoning is that the evidence of defendant's escape from the penitentiary does more than suggest to the jury that the defendant had a prior conviction. It constitutes evidence of the commission of an independent crime other than the one for which he is charged or had been previously convicted.[2] The fact that a prior felony conviction must be proved as an element of the crime in a prosecution under § 1283 does not vitiate the general rule that when a defendant is tried for one offense, he is to be convicted, if at all, by evidence which proves him guilty of that offense and it is improper for the prosecution to attempt to show that

1. See Marr v. State, Okl.Cr., 513 P.2d 324 (1973).

2. Escape from the State Penitentiary is made a felony by the provisions of 21 O.S.1971, § 443.

the defendant had been charged or arrested for other crimes. Briggs v. State, Okl.Cr., 484 P.2d 1315 (1971). Exceptions to this rule must be used cautiously because the threat to the fairness of the trial inherent in such testimony is great. Any doubt as to the fair applicability of such an exception must be resolved in favor of the defendant. Hardin v. State, Okl.Cr., 462 P. 2d 357 (1969).

In the case of Davis v. State, supra, the defendant had been convicted of the same crime as the defendant in the instant case. The testimony complained of in the *Davis* case was as follows:

"Q. Was there anything else unusual about the vehicle as you stopped it?

'A. Yes, sir, it was on our daily crime sheet, we call it, or wanted list—the automobile and a person by the same name.

'Q. The same name as this defendant?

'A. The car fitting this description, yes, sir.' "

This Court there held that such testimony was improper and, citing the case of Green v. State, supra, merited the reduction of defendant's sentence.

In *Green*, supra, we stated:

"It has been the practice of this Court that in cases involving 'evidentiary harpoons' where guilt hangs fairly close in the balance, to grant a new trial, while in cases where guilt is strongly established and a new trial would undoubtedly result in conviction, this Court will reduce the sentence." 481 P.2d at 807.

It is our opinion that this case falls into the latter category for the defendant's guilt was strongly established at trial. We conclude that justice would best be served by modifying the judgment and sentence to a term of seven (7) years imprisonment, and as so modified, the judgment and sentence is affirmed.

BLISS, P. J., and BUSSEY, J., concur.