**Frederick MASSINGALE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–84–719.

Court of Criminal Appeals of Oklahoma.

Jan. 7, 1986.

Rehearing Denied Feb. 5, 1986.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Frederick Massingale, was convicted of Robbery with a Firearm After Former Conviction of a Felony in the District Court of Tulsa County in Case No. CRF–84–785. He was sentenced to five hundred and thirteen (513) years imprisonment, and appeals.

Briefly stated the facts are that on March 1, 1984, at approximately 9:30 a.m., the appellant entered the B & B Pawn and

Gun Shop in Tulsa, pulled out a pistol and announced that he was going to rob the store. He told the owner that if he did not cooperate that he would kill him, and ordered him to lie down on the floor. The appellant then ordered the owner to get up and gather cash from the register. As he got up from the floor, he observed that the appellant had donned a nylon mask. After getting up, the owner began to gather cash and merchandise at appellant's direction, and as he gathered the items, he activated a silent alarm in the store. Subsequently, when the appellant observed a police car in front of the store he fled the scene and hid in a field north of the store.

The police officers who had arrived at the scene of the crime conducted a search of the field, and although their initial search was unsuccessful, during a second search, the officers found the appellant hiding beneath some brush. The officers also found several trays of jewelry, a large amount of cash, and a gun in the area near where they found the appellant.

At trial, the store owner positively identified the appellant as the robber. The appellant did not testify.

The appellant first contends that the trial court erred in overruling his motion in limine seeking to exclude his prior judgments and sentences containing the sentence imposed on him for his prior convictions. In the second stage of the appellant's trial, the State introduced four judgments and sentences reflecting that in 1972 the appellant was sentenced to twenty-five (25) years imprisonment for four (4) armed robberies. The appellant argues that this was error in that the introduction of the judgments and sentences containing the 1972 sentence of twenty-five (25) years indirectly informed the jury that the defendant had been released from the sentence at the most only twelve (12) years after receiving the sentence. The appellant further alleges that this evidence indirectly commented on the amount of time served

and indirectly referred to the pardon and parole practices. We disagree.

During the second stage of a bifurcated proceeding, it is proper to admit into evidence judgments and sentences of former convictions. *Daniels v. State*, 554 P.2d 88 (Okl.Cr.1976).

However, this Court has held that it is improper for the State to ask a defendant about the length of time actually served on prior incarcerations. *Davis v. State*, 489 P.2d 789 (Okl.Cr.1971).

In *Lee v. State*, 560 P.2d 226, 232 (Okl. Cr.1977), which is quite similar to the instant case, we held:

Therefore, in view of the previous rulings of this Court, it is evident that it is improper for the State to question a defendant about the time actually served or to elicit this information indirectly by asking the sentences given. In the instant case, however, there was no questioning about the time served, nor was there any attempt to elicit this information directly. The State merely mentioned the sentence given in the prior conviction. Accordingly, we find no merit in this assignment of error.

In the instant case, as in *Lee*, supra, the prosecutor did not question the appellant concerning his time actually served nor did he ask the appellant any questions about his former sentence. The State simply introduced six (6) valid judgments and sentences which reflected the appellant's former sentences. Therefore, we are of the opinion that no error occurred. This assignment of error is without merit.

The appellant next alleges that the prosecutor's improper comments in the trial's second stage caused excessive punishment to be assessed. Initially, we note that each of the alleged improper comments was properly preserved for appeal by a contemporaneous objection at trial.

The first comment which appellant assigns as error was an alleged attempt to inflame the jury.[1] The appellant alleges

---

1. In the voir dire examination we talked about punishment and I hope that you could see why

because really, folks, this case, there's no doubt. There wasn't any doubt who the robber was,

that the prosecutor improperly stressed that the only real question the jury had to decide was punishment. However, as this comment was made during the second stage of the proceeding after the jury had returned a guilty verdict, the comment was not improper.

The appellant further argues that several comments were made by which the prosecutor attempted to align himself with the jury;[2] to arouse their passions and prejudices;[3] to express his personal opinion;[4] to refer to pardon and parole practices;[5] and to stress the deterrent value of the jury punishment.[6]

After a careful review of the closing argument in the second stage of the proceeding, we are of the opinion that justice dictates modification of the punishment.

■ While each of the comments standing alone is not a sufficient ground for reversal or modification, we are of the opinion that the cumulative effect of the properly preserved comments was such that the

jury imposed a greater sentence than would ordinarily have been imposed.

Therefore, we are constrained to modify the judgment and sentence from a term of five hundred thirteen (513) years to forty-five (45) years imprisonment.

The judgment and sentence as MODIFIED is AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., not participating.

---

didn't have any trouble finding him guilty. (Tr. 155).

2. I hope that in this county there is but one Fred Massingale. We cannot tolerate another one. (Tr.155).

MR. GILLERT: This man is not a duck hunter, he's an armed robber. What we need to figure out is what we can do in our community to insure this man never walks our streets again. (Tr.136).

MR. GILLERT: I'm not sure what we can do. I'm going to make some suggestions. Let's think about the evidence. Here this guy is back out here again in our community after being convicted of five armed robberies, threatening to kill one of our citizens. I told you that this case would not be for the weak-kneed and faint of heart. I knew, I had some idea of what the evidence was going to be. I knew there would be no difficulty in your determining that this man was the armed robber and there's really going to be no difficulty in determining that he has been so for 22 years.

The difficulty is going to be in determining just what there is that we can do to stop it. (Tr.156–157).

3. MR. GILLERT: It is obvious from his actions that he believes that he has the right to take a gun and point it at people's heads and tell them he's going to blow their head off and that's the system that he operates under.

MISS RICHARDS: Your Honor, I'd like the record to reflect we object to the District Attorney waving the gun around in front of the jury.

4. I knew there would be no difficulty in your determining that this man was the armed robber and there's really going to be no difficulty in determining that he has been so for 22 years. (Tr.156).

5. The difficulty is going to be in determining just what it is that we can do to stop it. 25 years in 1972 didn't stop him. Maybe a thousand—

MISS RICHARDS: Your Honor—

MR. GILLERT: Maybe a thousand years—

THE COURT: When an objection is made, Mr. Gillert, let her finish.

MISS RICHARDS: —jury be admonished, ask for a mistrial.

THE COURT: All right. Your objection will be overruled, motion for admonition and motion for a mistrial will be denied, exception allowed.

MR. GILLERT: Maybe a thousand years would be enough. I hope so ... (Tr.157).

6. You have seen the demeanor of this person throughout the trial, both as we were giving evidence and otherwise, you know what he is. None of you ever had jury service before. I'm sure that this has been a real education for you, to see the likes of this and to think that it walks your streets for a while.