ALMA WILSON, J. joins.

**Derek Lee WILSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–794.**

Court of Criminal Appeals of Oklahoma.

Dec. 12, 1986.

Rehearing Denied Jan. 27, 1987.

Johnie O'Neil, Asst. Appellant, Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Derek Lee Wilson, was charged, tried and convicted in the District Court of Tulsa County, Case No. CRF–83–1235, for the offense of Robbery With a Firearm, After Former Conviction of Two or More Felonies. His sentence was fixed at a term of forty (40) years imprisonment. We affirm.

Early in the evening of February 28, 1983, a pharmacist for a drugstore in Tulsa noticed a man crouched down holding a pistol. The man demanded Diluadid. The pharmacist informed the man that the drugstore did not stock that narcotic. The robber then demanded Demerol. The robber handed a pillowcase to the pharmacist, who began to fill the pillowcase with the requested narcotic. The robber inquired about other drugs in the cabinet, and ordered the pharmacist to place many of these drugs into the pillowcase. The robber left the pharmacy area and joined a companion waiting near the front to the store. The men fled.

The pharmacist called the police and provided them with a discription of the suspect. Approximately a month later, on April 2, 1983, the pharmacist identified the appellant as the robber from a lineup of five persons.

### I.

In his first assignment of error, the appellant claims that the trial court erred in overruling his motion to suppress the pharmacist's in-court identification of the appellant. We disagree. The appellant correctly asserts that an unnecessarily suggestive pre-trial identification procedure is a violation of due process. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); and *Green v. State,* 594 P.2d 767 (Okl.Cr.1979). In *Thompson v. State,* 438 P.2d 287, 289 (Okl.Cr.1968), this Court

set forth the requisite standards for pre-trial lineups, stating that the "[o]ther people participating in the lineup should be of the same general weight, height, age, color and race, whenever possible, and the suspect should not be clothed in such a manner as to attract special attention or make him stand out from the other persons in the lineup." This requirement has been substantially complied with in the instant case.

We note initially that all five men in the lineup were dressed similarly; all five men were of similar complexion; all five men were of similar builds; and all five men were of similar hair coloring. The appellant complains that the lineup was suggestive since he was the shortest individual in the lineup. However, we further note that all five men ranged in height from 5'10" to 6'1"; with the median height around 6'0". We fail to find prejudice in this slight height variance.

█ The appellant also contends that the third individual in the lineup was Indian, thus eliminating him from suspicion. We cannot, however, make such an unequivocal determination of the individual's race by the photograph submitted into the record. The individual's complexion and hair coloring were not different from those of the other individuals in the lineup. Therefore, we find that the pre-trial lineup was not so suggestive as to taint the in-court identification by the pharmacist. Accordingly, this assignment of error is without merit.

## II.

In his second assignment of error, the appellant claims that improper conduct by the prosecutor during closing argument denied him a fair trial. We disagree. We have considered the appellant's allegations of improper conduct and find them to be without merit.

## III.

The appellant next alleges that the trial court erred by improperly answering notes sent out by the jury during deliberations. We find that the trial judge properly answered the jury's note and, therefore, this assignment of error is also without merit.

## IV.

█ In his next assignment of error, the appellant contends that the trial court erred in the second stage of the proceeding by allowing the State to use for enhancement purposes three prior convictions which should have been considered as one transaction. We disagree. The appellant pled guilty to three separate charges on one date, and he now alleges that these former convictions should have been submitted only as one prior conviction for the jury's consideration during the second stage of trial. The appellant's prior convictions concerned three separate incidents of passing bogus checks over a two day period. The Habitual Criminal Statute, 21 O.S. 1981, § 51(B), provides that "[f]elony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location." We find that the appellant's prior convictions were not the type contemplated in this provision and they did not constitute a common series of events. Accordingly, this assignment of error is without merit.

## V.

In his last assignment of error, the appellant contends that the trial court erred by allowing into evidence judgments and sentences of the appellant's prior convictions. Specifically, objected to these exhibits because they allegedly referred to pardon and parole practices. This exact argument was recently rejected by this Court in *Massingale v. State*, 713 P.2d 15 (Okl.Cr.1986). Accordingly, this assignment of error is without merit.

Finding no merit to the appellant's assignments of error, the judgment and sentence of the District Court should be, and hereby is, AFFIRMED.

BRETT and BUSSEY, JJ., concur.