61 F.3d 916
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Fred E. MASSINGALE, Petitioner-Appellant,
v.
R. Michael CODY, Respondent-Appellee.
 No. 94-5228.
(D.C.No. 93-C-83-B)
 United States Court of Appeals,
Tenth Circuit.
 July 25, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BRORBY, Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Fred E. Massingale filed the present action pursuant to 28 U.S.C. 2254, seeking a writ of habeas corpus to challenge his 1984 conviction in Oklahoma state court for robbery with a firearm. The district court denied the request for relief. We grant the request for a certificate of probable cause to appeal, see 28 U.S.C. 2253, and finding no error, we affirm.
 
 
 3
 Mr. Massingale was convicted of robbery after a former felony conviction and sentenced to 513 years imprisonment. His conviction was affirmed on appeal, but the Court of Criminal Appeals reduced his sentence to 45 years because of improper remarks by the prosecution during the trial. See Massingale v. State, 713 P.2d 15, 17 (Okla.Crim.App.1986). He then filed a post-conviction petition raising a claim that the Court of Criminal Appeals was powerless to reduce his sentence because he was entitled to have a jury determine his punishment. Relief was denied on this claim. He then filed a second post-conviction petition asserting the state trial court erred in admitting evidence of his prior felony convictions during the sentencing stage of his trial. This claim, which had previously been raised and rejected on direct appeal, was denied on procedural grounds. See Okla. Stat. Ann. tit. 22, 1086. He also asserted that his trial counsel was ineffective for failing to challenge successfully the admission of these convictions and that his appellate counsel was ineffective for failing to raise this issue on appeal. These claims were both denied and that denial was upheld on appeal.
 
 
 4
 We interpret Mr. Massingale's pro se federal petition as raising the following claims: (1) ineffective assistance of trial and appellate counsel; (2) a due process violation based on inordinate delay under Harris v. Champion, 15 F.3d 1538 (10th Cir.1994); and (3) error in modifying his sentence rather than setting it aside and holding a new sentencing hearing. The district court rejected the first two claims but did not specifically address the third, presumably because of the understandable difficulty it had in determining what claims Mr. Massingale was trying to raise.
 
 
 5
 With respect to Mr. Massingale's ineffective assistance claims, we agree with the district court's conclusions that the issue relative to the introduction of his prior convictions is non-meritorious, and therefore, Mr. Massingale has not demonstrated any prejudice as required by Strickland v. Washington, 466 U.S. 668 (1984). See United States v. Haddock, 12 F.3d 950, 955 (10th Cir.1993) (noting that it is often easier to resolve ineffective assistance claims by addressing the prejudice component first). Because there was no error committed by allowing evidence of Mr. Massingale's prior record at the sentencing phase of his trial before the jury, it follows a fortiori that trial counsel was not ineffective in failing to exclude this evidence, nor was appellate counsel ineffective for failing to raise this issue on appeal. See Jones v. Barnes, 463 U.S. 745, 751-52 (1983).
 
 
 6
 Mr. Massingale next asserts an independent due process claim based on the twenty-two month delay in processing his direct criminal appeal. See Harris, 15 F.3d at 1557. The district court concluded, and we agree, that while this length of delay is disturbing, it was not so long as to warrant a presumption of prejudice since it was less than the two-year threshold set out in Harris. See id. at 1556. While some cases involving delay of less than two years may still warrant a presumption of prejudice, id., the district court found no circumstances present in this case warranting such a presumption. The district court also correctly noted that in any event, Mr. Massingale has not demonstrated any actual prejudice attributable to the delay. This is the correct standard under Harris when the petitioner's direct appeal has already been decided as it was in this case. See id. at 1566. Therefore, we affirm the denial of relief on the Harris due process claim.
 
 
 7
 Mr. Massingale's final claim relates to the power of the Court of Criminal Appeals to modify his sentence rather than remand for a new sentencing hearing.[2] Most of Mr. Massingale's arguments on this issue rely on Oklahoma statutory and constitutional law; clearly, we are powerless to grant relief for a violation of state law. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). To the extent this claim is being asserted as a federal constitutional claim, we find it is without merit. See, e.g., Clemons v. Mississippi, 494 U.S. 738, 746-47 (1990) (discussing Hicks v. Oklahoma, 447 U.S. 343 (1980), and noting that that case "suggest[ed] that appellate sentencing, if properly conducted, would not violate due process of law"). Because Mr. Massingale has not demonstrated a federal constitutional violation stemming from the Court of Criminal Appeals' decision to modify his sentence, habeas corpus relief is not warranted.
 
 
 8
 The district court's order denying habeas corpus relief is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 As indicated, although the district court did not specifically address this claim, it involves purely legal questions over which we exercise plenary review. Therefore, we are fully capable of addressing this issue in the first instance